STATE of Tennessee, Appellee,

v.

James W. CONNORS III, Appellant.

Court of Criminal Appeals of Tennessee,
at Nashville.

Jan. 17, 1996.

Certiorari Denied May 6, 1996.

John E. Herbison, Nashville, on Appeal,
John Pelligrin, Gallatin, at Trial, for Appellant.

Charles W. Burson, Attorney General and
Reporter, Elizabeth T. Ryan, Asst. Attorney
General, Nashville, Lawrence Ray Whitley,
District Attorney, C. Wayne Hyatt, Assistant
District Attorney, Gallatin, for Appellee.

## OPINION

PEAY, Judge.

The defendant was charged with driving under the influence, fifth offense; driving on a revoked license, second offense; and reckless endangerment with a deadly weapon. He pled guilty to driving under the influence, second offense ("DUI"); driving on a revoked license ("DORL"); and reckless endangerment.

The defendant waived preparation of a presentence report and a sentencing hearing was held. The lower court sentenced the defendant to eleven months, twenty-nine days on the DUI conviction, all suspended except 120 days and followed by eleven months, twenty-nine days probation; to eleven months, twenty-nine days on the reckless endangerment conviction, all suspended except 120 days and followed by eleven months, twenty-nine days probation; and to six months on the DORL conviction, all suspended except 120 days and followed by six months probation. The periods of incarceration were to run concurrently, while the periods of probation were to run consecutively.

The defendant has appealed, alleging that the sentence is excessive. The defendant asks this Court to reduce his incarceration from 120 to 45 days, and to modify his probation so that it runs concurrently rather than consecutively. Because the lower court failed to follow the procedures required by the Sentencing Reform Act of 1989 ("the Act"), we remand this matter for further proceedings consistent with the Act and this opinion.

■ When a defendant complains of his or her sentence, we must conduct a *de novo* review with a presumption of correctness. T.C.A. § 40–35–401(d). The burden of showing that the sentence is improper is upon the appealing party. T.C.A. § 40–35–401(d) Sentencing Commission Comments. This presumption, however, "is conditioned upon the affirmative showing in the record that the trial court considered the sentencing principles and all relevant facts and circumstances." *State v. Ashby,* 823 S.W.2d 166, 169 (Tenn.1991).

■ In this case, the record fails to show that the lower court considered the sentencing principles and all relevant facts and circumstances. Therefore, we conduct our review *de novo* without a presumption of correctness. *State v. Shelton,* 854 S.W.2d 116, 123 (Tenn.Crim.App.1992).

A portion of the Sentencing Reform Act of 1989, codified at T.C.A. § 40–35–210, established a number of specific procedures to be followed in sentencing. This section mandates the court's consideration of the following:

(1) The evidence, if any, received at the trial and the sentencing hearing; (2) [t]he presentence report; (3) [t]he principles of sentencing and arguments as to sentencing alternatives; (4) [t]he nature and characteristics of the criminal conduct involved; (5) [e]vidence and information offered by the parties on the enhancement and mitigating factors in §§ 40–35–113 and 40–35–114; and (6) [a]ny statement the defendant wishes to make in his own behalf about sentencing.

T.C.A. § 40–35–210.

■ "The misdemeanant, unlike the felon, is not entitled to the presumption of a minimum sentence." *State v. Creasy,* 885 S.W.2d 829, 832 (Tenn.Crim.App.1994). However, in determining the percentage of the sentence to be served in actual confinement, the court must consider enhancement and mitigating factors as well as the purposes and principles of the Criminal Sentencing Reform Act of 1989, and the court should not impose such percentages arbitrarily. T.C.A. § 40–35–302(d).

The Act further provides that "[w]henever the court imposes a sentence, it *shall place on the record* either orally or in writing, what enhancement or mitigating factors it found, if any, as well as findings of fact as required by § 40–35–209." T.C.A. § 40–35–210(f) (emphasis added). Because of the importance of enhancing and mitigating factors under the sentencing guidelines, even the absence of these factors must be recorded if none are found. T.C.A. § 40–35–210 comment. These findings by the trial judge must be recorded in order to allow an adequate review on appeal.

In misdemeanor sentencing, a separate sentencing hearing is not mandatory, but the trial court is required to allow the parties a reasonable opportunity to be heard on the question of the length of the sentence and the manner in which it is to be served. T.C.A. § 40–35–302(a). The sentence must be specific and consistent with the purpose and principles of the Criminal Sentencing Reform Act of 1989. T.C.A. § 40–35–302(b). A percentage of not greater than 75% of the sentence should be fixed for service, after which the defendant becomes eligible for "work release, furlough, trusty status and related rehabilitative programs." T.C.A. § 40–35–302(d).

In this case, the defendant did have a sentencing hearing. The defendant waived a presentence report "[i]n light of the fact that [the sentencing court was] familiar with [the defendant] and ... with this case." At the hearing, the Court heard testimony from Nick Johnson, the president of an organization for which the defendant was doing extensive volunteer work as chief financial officer; testimony from the defendant; considered a letter from Johnson about the defendant; and heard argument from counsel. The testimony and argument contained references to the defendant's prior criminal record; however, no specific proof as to the defendant's prior convictions was before the court other than the charge against the defendant reciting four previous DUI convictions. During the course of the defendant's testimony, the court stated "you are a good person" and concluded that he had "broken the law because of the disease [alcoholism] that you have, but it has nothing to do—character is not an issue."

In imposing sentence on the defendant, the court observed "[t]his is your fifth offense DUI" and further noted that, "I had read all the warrants when I was still in General Sessions, and I'm just very concerned." The court also expressed concern over the defendant repeatedly endangering himself and others by driving under the influence, and noted that the defendant had already been through one treatment program and relapsed. However, the court made no specific reference to mitigating and enhancing factors as required by the Act, nor did it place on the record its specific findings of fact upon which the defendant's sentence was based as required. Nor does the record make clear the court's required consideration of the Act's principles of sentencing. Thus, although the defendant requests that we modify his sentence in accordance with the Act, the record is simply too barren for us to do so. *State v. Chrisman*, 885 S.W.2d 834, 839 (Tenn.Crim.App.1994). Therefore, we remand this matter to the lower court for further proceedings. Specifically, the lower court shall conduct another sentencing hearing. The lower court shall follow the procedures set forth in the Act in sentencing the defendant, and shall place on the record the appropriate findings on which the sentence is based.

As to the issue of whether the imposition of consecutive probationary periods is proper in conjunction with concurrent incarceration periods, this Court finds that this form of sentencing is not permissible under the Act. T.C.A. § 40–35–115 provides that "[i]f a defendant is convicted of more than one (1) criminal offense, the court shall order sentences to run consecutively or concurrently as provided by the criteria in this section." The defendant in this case was convicted of multiple offenses. Thus, as long as the lower court finds sufficient evidence to satisfy the statutory criteria for consecutive sentences, the defendant may be so sentenced.

However, if probation is made a part of his sentences, it must run in the same manner as the periods of incarceration. The term "sentence" includes both the period of incarceration and the period of probation. Thus, if the trial court orders the defendant's sentences to run consecutively, then each portion of his sentences must be so served. Likewise, if the defendant is ordered to serve his sentences concurrently, his periods of probation will also run concurrently. The Sentencing Act makes no provision for ordering different portions of the same sentence to run in different manners.

It is permissible, however, to order different sentences to run in different manners vis a vis each other. *See, e.g., State v.*

*Cummings*, 868 S.W.2d 661 (Tenn.Crim.App. 1992). For instance, the defendant's sentence for his DORL conviction may run consecutively to his DUI sentence, while his sentence for his reckless endangerment conviction may run concurrently with his DUI sentence. Any periods of probation which are ordered will then run in the same manner as the periods of incarceration. Further, the period of probation plus the term of incarceration may not exceed the maximum term of punishment provided for the offense.

Upon review of the record, this Court finds that the lower court failed to follow the Act in sentencing the defendant. Accordingly, this matter is remanded to the lower court for resentencing in accordance with this opinion.

SUMMERS and WELLES, JJ., concur.