IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT NASHVILLE

OCTOBER 1996 SESSION

FILED

September 18, 1997

Cecil W. Crowson
Appellate Court Clerk

| | | |
|---|---|---|
| STATE OF TENNESSEE, | ) | No. 01C01-9601-CR-00034 |
| | ) | |
| Appellee | ) | |
| | ) | WILSON COUNTY |
| V. | ) | |
| | ) | HON. J. O. BOND, |
| RICHARD E. NELSON, | ) | JUDGE |
| | ) | |
| Appellant. | ) | (Sentencing) |
| | ) | |
| | ) | |

For the Appellant:

Stephen W. Pate
218 W. Main Street
Murfreesboro, TN 37130
(On appeal)

James H. Flood
122 Public Square
Lebanon, TN 37087
(At trial)

For the Appellee:

Charles W. Burson
Attorney General and Reporter

Karen M. Yacuzzo
Assistant Attorney General
450 James Robertson Parkway
Nashville, TN 37243-0493

Tom P. Thompson, Jr.
District Attorney General

Robert N. Hibbett
Assistant District Attorney
111 Cherry Street
Lebanon, TN 37087

OPINION FILED: _____

AFFIRMED AS MODIFIED

William M. Barker, Judge

**OPINION**

The appellant, Richard E. Nelson, appeals the sentences he received following guilty verdicts by a Wilson County jury for the offenses of driving under the influence, fifth offense; driving on a revoked license, third offense; and evading arrest. The trial court sentenced the appellant to eleven months, twenty-nine days to be served at one hundred (100%) percent for his convictions for DUI and driving on a revoked license. Those sentences were ordered to be served consecutively. He was sentenced to a concurrent sentence of six months upon his conviction for evading arrest. Appellant's license was suspended for three years and he was fined $1,110.

On appeal, the appellant argues that he was entitled to a separate sentencing hearing following his convictions for these misdemeanor sentences and that the trial court erred in ordering consecutive sentencing. We affirm the consecutive sentencing, but modify the appellant's sentence for driving on a revoked license to reflect that he serve a maximum seventy-five percent of that sentence.

On December 23, 1994, a police officer observed the appellant sitting behind the wheel of a Chevrolet Corvet automobile at the Thirsty Turtle in Lebanon. Moments later, the car disappeared. In three to four minutes, however, two other police officers observed the same vehicle speeding. The appellant was observed by those two officers travelling sixty-five miles an hour in a forty mile per hour speed zone. Both officers gave chase attempting to stop the appellant. Appellant accelerated his vehicle to a speed exceeding ninety miles per hour. The appellant drove to a Days Inn motel, exited his vehicle, and ran to his room. When the police officers confronted the appellant, they noticed that he had a strong odor of alcohol about him, was unsteady on his feet, had slurred speech, and his eyes were bloodshot and red. The appellant refused to take a blood alcohol test. Based upon the foregoing evidence, the jury convicted the appellant of driving under the influence, fifth offense; driving on a revoked license, third offense; and evading arrest.

2

After the jury was discharged, the trial court immediately sentenced the appellant. Neither the appellant nor the State attempted to make any statements or offer any additional evidence prior to sentencing. Further, the appellant made no objection to the trial court's immediate sentencing. However, after the trial court pronounced its sentence, counsel for the appellant requested that his client be permitted to get treatment. The trial court denied that request.

Appellant first contends that the trial court erred in failing to conduct a separate sentencing hearing. This issue is without merit.

In misdemeanor sentencing, unlike sentencing for felony offenses, a separate sentencing hearing is not required. Tenn. Code Ann. § 40-35-302(a) (Supp. 1995). See also State v. Conners, 924 S.W.2d 362, 364 (Tenn. Crim. App. 1996), perm. to appeal denied (Tenn. 1996). However, if a separate sentencing hearing is not held, the trial court is required to allow the parties a reasonable opportunity to be heard regarding the length and manner of the service of any sentence. Tenn. Code Ann. § 40-35-302(a) (Supp. 1995). The record does not reflect that the trial court denied the appellant this opportunity. Neither appellant, nor his counsel, expressed a desire to be heard prior to sentencing. The only comment about the service of the sentence was a request that the appellant be permitted treatment, which the court denied. Prior to sentencing, the appellant neither requested to be heard nor objected to being sentenced without being heard. By failing to contemporaneously object, the appellant has waived consideration of this issue on appeal. See State v. Killebrew, 760 S.W.2d 228, 235 (Tenn. Crim. App. 1988); Tenn. R. App. P. 36(a).

As in felony sentencing, misdemeanor offenders must be sentenced in accordance with the principles, purposes, and goals of the Sentencing Act, and court must set a release eligibility date which may not exceed seventy-five (75%) percent of the sentence. However, DUI offenders may be sentenced to one hundred (100%) percent. State v. Palmer, 902 S.W.2d 391, 393 (Tenn. 1995).

When a defendant complains of his or her sentence, we must conduct a *de novo* review with a presumption of correctness. Tenn. Code Ann. § 40-35-401(d) (1990). The burden of showing that the sentence is improper is upon the appealing party. Tenn. Code Ann. § 40-35-401(d) Sentencing Commission Comments. This presumption, however, is conditioned upon an affirmative showing in the record that the trial court considered the sentencing principles and all relevant facts and circumstances. State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991).

An order of consecutive sentences for a multiple offender is proper only if at least one of several statutory factors is present. Tenn. Code Ann. § 40-35-115 (1990). Those factors include: (1) the defendant is a professional criminal; (2) the defendant has an extensive record of criminal activity; (3) the defendant is a dangerous mentally abnormal person; (4) the defendant is a dangerous offender whose behavior indicates little or no regard for human life and has no hesitation about committing a crime in which the risk to human life is high; and (5) the defendant is sentenced for an offense committed while on probation. Tenn. Code Ann. §40-35-115(b)(1), (2), (3), (4), (6) (1990).

In this case, the trial court failed to provide on the record its reasons for imposing consecutive sentences when the appellant was sentenced following his trial. At the hearing on the motion for new trial, appellant's counsel pointed out that the trial court had failed to articulate its reasons for the consecutive nature of the sentencing. In response, the trial court said the reason was "because he is going to kill somebody. He has had five prior DUIs. He's a reckless gun just ready to discharge and kill somebody's babies out here. That's all he is." Later in the hearing the court went on to say:

> I'll articulate it now, if I didn't. Because this man, five times DUI he has been caught and convicted. Society deserves better than that from our court system. They deserve better than to let people like him keep getting on the road. This Court did, he loaded him as much as he could load him. No question in my mind I did it. And I'd load him again. Because he's sorry. He [sic] just as sorry as he can be to be out here on

4

the road doing that. No respect for anyone. He has no respect for your wife, or your children. He has no respect for mine or anyone else out here in society. He's a criminal, about as bad a criminal as you can get.

Although the trial judge did not specifically refer to the statutory factors in his comments, his statements implicitly include a finding that he considered the appellant a dangerous offender. In order to be so classified, it must be established that the offender's behavior indicated little or no regard for human life and it reflected no hesitation about committing a crime in which the risk to human life was high. Tenn. Code Ann. § 40-35-115(a)(4) (1990). Additionally, our supreme court has held that in order to be sentenced as a dangerous offender, there must be evidence in the record to demonstrate that the terms imposed by the sentence are reasonably related to the severity of the offenses committed and are necessary to protect the public from further criminal acts by the offender. State v. Wilkerson, 905 S.W.2d 933, 938 (Tenn. 1995).

Our review of the record on appeal in this case leads us to agree with the trial court that the appellant is indeed a dangerous offender. While intoxicated, the appellant got behind the wheel of an automobile and then drove in excess of ninety miles per hour on a public highway. That behavior indicates that he had little regard for the lives of others who may have been on the highway that night. State v. Howard Glenn Branum, No. 01C01-9507-CC-00232 (Tenn. Crim. App. at Nashville, June 20, 1996). Those actions also reflect that the appellant had no hesitation about committing a crime when the risk to human life was high.

We further agree with the trial court that the length of the sentences imposed is reasonably related to the severity of the offenses. These offenses are not isolated incidents; they are appellant's fifth and third respective violations of motor vehicle laws. Based upon his prior history of driving while intoxicated and on a revoked license, stringent sentences are required. Four times the appellant has pled guilty to DUI and yet he continues to endanger those driving on the road. Likewise, twice before he has pled guilty to driving on a revoked license and yet he continues to violate the law. As the trial court correctly implied, perhaps service of a significant

5

sentence will deter the appellant and protect the public from his further criminal behavior.  See State v. Anthony Raymond Bell, No. 03C01-9503-CR-00070 (Tenn. Crim. App. at Knoxville, March 11, 1996) perm. to appeal denied (Tenn. 1996); State v. Lonas Britt Dillard, No. 03C01-9311-CR-00386 (Tenn. Crim. App. at Knoxville, July 13, 1994) (classifying DUI offender as a dangerous offender).

Based upon the foregoing, we affirm the trial court's order that the sentences for DUI and driving on a revoked license be served consecutively.  However, the trial court's judgment that the appellant serve one hundred (100%) percent of his sentence for driving on a revoked license must be modified to reflect a maximum seventy-five (75%) percent release eligibility date.  Tenn. Code Ann. § 40-35-302(d) (Supp. 1995); Palmer, 902 S.W.2d at 393.  The judgment of the trial court is affirmed in all other respects.

_____
William M. Barker, Judge

_____
Joe B. Jones, Presiding Judge

_____
J. Steven Stafford, Special Judge