# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT JACKSON

### JANUARY 1998 SESSION



**FILED**

**February 19, 1998**

**Cecil Crowson, Jr.**
**Appellate Court Clerk**

STATE OF TENNESSEE,                )
                                   ) C.C.A. No. 02C01-9703-CC-00113
    Appellee,                    )
                                   ) Chester County
V.                                 )
                                   ) Honorable Whit Lafon, Judge
**RONNIE HOLMES,**                 )
                                   ) (Sentencing)
    Appellant.                   )


FOR THE APPELLANT:          FOR THE APPELLEE:

Mike Mosier                   John Knox Walkup
Attorney at Law              Attorney General & Reporter
204 West Baltimore
P.O. Box 1623               Janis L. Turner
Jackson, TN 38302-1623     Counsel for the State
                              Criminal Justice Division
                              450 James Robertson Parkway
                              Nashville, TN 37243-0493

                              Jerry Woodall
                              District Attorney General

                              James W. Thompson
                              Assistant District Attorney General
                              P.O. Box 2825
                              Jackson, TN 38302


OPINION FILED: _____


**AFFIRMED**


**PAUL G. SUMMERS,**
Judge


**O P I N I O N**

Ronnie Holmes, the appellant, entered a plea of <u>nolo</u> <u>contendere</u> to vandalism under five hundred dollars and criminal trespass in the Chester County Circuit Court. The court sentenced the appellant to thirty days for each offense to run concurrently. The court further ordered that, after serving fifteen days, the appellant would be eligible for work release. On appeal, the appellant argues he should have been sentenced to full probation.

The sentencing range for vandalism under five hundred dollars, a class A misdemeanor, is no greater than eleven months and twenty-nine days incarceration. Tenn Code Ann. § 40-35-111(e)(1) (1990). The range for criminal trespass, a class C misdemeanor, is no greater than thirty days incarceration. Tenn. Code Ann. § 40-35-111(e)(3).

When an appellant challenges the manner of service of a sentence, this Court reviews the evidence <u>de</u> <u>novo</u> with a presumption that the determinations of the trial court are correct. Tenn. Code Ann. § 40-35-401(d) (1990). The presumption of correctness is conditioned upon an affirmative showing that the trial court considered the sentencing principles and all relevant facts and circumstances. <u>State v. Ashby</u>, 823 S.W.2d 166, 169 (Tenn. 1991). Our review consists of an analysis of the evidence at the sentencing hearing, the presentence report, the principles of sentencing, the arguments of counsel, the nature and characteristics of the offense, mitigating and enhancement factors, the defendant's statements and the defendant's potential for rehabilitation or treatment. Tenn Code Ann. §§ 40-35-102 (Supp. 1994), -103 (1990), -210 (Supp. 1992); <u>Ashby</u>, 823 S.W.2d at 169.

Misdemeanor sentences must be specific and in accordance with the principles, purposes and goals of the Criminal Sentencing Reform Act of 1989. <u>State v. Palmer</u>, 902 S.W.2d 391, 394 (Tenn. 1995). The trial judge shall fix a

percentage of the sentence that the defendant shall serve; after service, the defendant is eligible for rehabilitative programs. Tenn. Code Ann. § 40-35-302(b) & (d) (Supp. 1994); Palmer, 902 S.W.2d at 394. Alternatively, the court can grant probation immediately, or after a period of split or continuous confinement. Tenn. Code Ann. § 40-35-302(e)(1) & (2).

The evidence at the sentencing hearing consisted of the testimony of the victim, the appellant, two photographs and the presentencing report. The appellant is twenty-nine years old, a high school graduate and a lifelong resident of Chester County. He is married and employed as a security guard. The appellant has no criminal record. The appellant has no history of drug or alcohol use. He has no history of psychiatric or medical problems.

Debra Schwartz is the victim. Ms. Schwartz owns a realty business in Chester County, and, at one time, she employed the appellant's wife. After Ms. Schwartz fired the appellant's wife, her business was egged numerous times and the locks were liquid soldered shut. The appellant described his wife's termination as unpleasant. Ms. Schwartz suspected that the appellant was the perpetrator, but she had no proof. Ms. Schwartz installed a video camera at her office. She videotaped the appellant placing the head of a dead deer at the front door of her business and throwing eggs at the business. Ms. Schwartz identified the appellant as the person in the videotape. After the appellant pled guilty, the vandalism stopped. The photographs of the scene, including the head of the dead deer, were introduced into evidence.

The appellant testified that he did not recognize himself in the video taken by Ms. Schwartz. He denied placing the deer head at the office doors. The appellant further denied committing any of the criminal acts complained of by Ms. Schwartz. He said that he pled guilty to the charges because it was in his best interest.

"'The misdemeanant, unlike the felon, is not entitled to the presumption of the minimum sentence.'" State v. Connors, 924 S.W.2d 362, 363, (Tenn. Crim. App. 1996)(citing State v. Creasy, 885 S.W.2d 829, 832 (Tenn. Crim. App. 1994). In determining the percentage of the sentence to be served, the court must consider enhancement and mitigating factors as well as the legislative purposes and principles related to sentencing. Connors, 924 S.W.2d at 364.

At the sentencing hearing, the state did not ask the court to consider any enhancement factors in setting the sentence. The appellant argued that he should receive probation primarily because he had never been arrested for, or convicted of, any criminal offense. The trial court did not make specific findings of fact or state the basis of his ruling. Accordingly, our review of the record is de novo.

We affirm the sentence of the trial court based on the nature of the offense and the appellant's lack of candor. Placing the head of a deer at the doors of Ms. Schwartz' business is especially offensive, repulsive, and juvenile. Ms. Shwartz identified the appellant as the perpetrator on the video; the vandalism to her business stopped once the appellant was charged or pled guilty. From this evidence, we infer that the appellant testified untruthfully when he denied any involvement in the crimes committed against Ms. Schwartz.

The judgment of the trial court is affirmed.


_____
PAUL G. SUMMERS, Judge

CONCUR:

-4-

_____
DAVID G. HAYES, Judge

_____
JOE G. RILEY, Judge