# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT KNOXVILLE
### Assigned on Briefs June 29, 2010

## MICHAEL T. HENDERSON v. STATE OF TENNESSEE

**Direct Appeal from the Criminal Court for Morgan County**
**No. 9056        E. Eugene Eblen, Judge**

_____

**No. E2009-01563-CCA-R3-HC - Filed December 30, 2010**

_____


JOSEPH M. TIPTON, P.J., concurring.

I concur in the results reached in the majority opinion. I respectfully disagree, though, with the opinion's conclusion that because the Petitioner's grand larceny and burglary sentences had been served, the Petitioner was not "in custody" on them, thereby barring habeas corpus relief. I believe they were part of consecutive sentences that were to be treated in the aggregate, allowing for habeas corpus relief from any judgment that was void.

In Garlotte v. Fordice, 515 U.S. 39 (1995), the Supreme Court was faced with a petitioner who had been sentenced to consecutive sentences in the same proceeding but had already served the first sentence, which he was attacking. The issue was whether a prisoner who had already served a sentence could meet the "in custody" requirement for habeas corpus relief from that conviction when the sentence was part of consecutive sentences still being served. The Court noted that it had previously concluded that consecutive sentences should be considered in the aggregate for habeas corpus "in custody" purposes. Id. at 40-41; Peyton v. Rowe, 391 U.S. 54, 64-65 (1968) (holding that a prisoner was "in custody" for habeas corpus purposes on a consecutive sentence that had not yet begun). The Court concluded that the fact that the sentence for the conviction under attack had already been served did not bar habeas corpus relief when consecutive sentences were involved. Garlotte, 515 U.S. at 47. The Tennessee Supreme Court has noted Garlotte for this holding. See May v. Carlton, 245 S.W.3d 340, 343 (Tenn. 2008).

In the present case, the majority opinion apparently concludes that the fact that Garlotte involved consecutive sentences imposed in the same proceeding means that the aggregate approach does not apply to sentences imposed at separate times. I do not agree.

The Court neither says nor implies any such thing. The impact of a void sentence on the service of a consecutive sentence is as severe whenever the consecutive sentence is imposed, as long as the void sentence is still being served when the consecutive sentence is imposed.

Other jurisdictions have not made the distinction the majority opinion does. See DeFoy v. McCullough, 393 F.3d 439, 442 (3d Cir. 2005) ("Although the facts in Garlotte are somewhat different from those here (i.e., the prisoner there had been convicted and sentenced by the same court at the same time), Garlotte allows us to review a completed sentence when the prisoner, like [the petitioner], is still serving a sentence imposed by a different court at a different time."); Foster v. Booher, 296 F.3d 947, 950 (10th Cir. 2002) ("Any attempt to distinguish Garlotte on its facts ignores the language in Garlotte, which sets out a clear and broad rule that we must 'view consecutive sentences in the aggregate, not as discrete segments.'" (quoting Garlotte, 515 U.S. at 47)).

In the present case, the Petitioner was still serving his sentence for the grand larceny and burglary convictions when he received the consecutive sentence of fifteen years for the attempted first degree murder. Thus, I believe we should consider the merits of the Petitioner's claims regarding his grand larceny and burglary convictions, case numbers 37243 and 35050.

In this regard, the Petitioner contends that the judgment in case number 37243 illegally imposes a consecutive sentence of incarceration to and a concurrent term of probation with the sentence imposed for case number 35050 and that the judgment in case number 50650 illegally imposes a consecutive sentence of incarceration to and a concurrent term of probation with the sentence imposed for case number 37243. The State contends that these claims are without merit because the probation terms were not imposed concurrently. I agree.

A sentencing court may not order concurrent service of probation with consecutive service of confinement. See T.C.A. § 40-35-115(a) (2010); State v. Clark, 67 S.W.3d 73, 79 (Tenn. Crim. App. 2001); State v. Connors, 924 S.W.2d 362, 364 (Tenn. Crim. App. 1996), overruled on other grounds, State v. Troutman, 979 S.W.2d 271 (Tenn. 1998). The judgments for case numbers 35050 and 37243, dated August 14, 1992, imposed sentences of three years and two years respectively, with the sentence for case number 37243 to be served consecutively to that for case number 35050. Each judgment ordered the same five-year probation period, originally set to expire on August 14, 1997. The Petitioner argues that because the trial court ordered this probation period on both judgments, it ordered concurrent sentences of probation. Neither judgment states that the probation terms are concurrent, and the box for "Special Conditions" on each judgment orders that the Petitioner be placed on probation for his full sentence. The three-year probation period imposed in case number

35050 and the two-year probation period imposed in case number 37243 equaled a total consecutive sentence of five years' probation. When the trial court revoked the Petitioner's probation in these two cases, it ordered that the Petitioner serve his remaining sentence in the Intensive Supervision Program, to expire on March 6, 1997. This was the time remaining in the aggregate probation period for the consecutive sentences.

The judgment for case number 50650, dated November 22, 1993, imposed a sentence of four years and stated that the sentence was consecutive to case number 37243. The trial court ordered four years' probation, with an explanation in the "Special Conditions" section that the Petitioner's sentence was suspended and that he was placed on Intensive Supervised Probation, to expire on March 6, 2001. As the State notes, this expiration date was exactly four years after the Petitioner's probation for case numbers 35050 and 37243 was set to expire. Because the Revocation of Probation Order for case number 37243, entered on June 7, 1999, ordered that the Petitioner's probation period was extended to the same date of March 6, 2001, the Petitioner argues that the trial court imposed the probation sentences in case numbers 37243 and 50650 concurrently. Instead, the record shows that the trial court added the two consecutive probation periods to indicate when the Petitioner would complete his aggregate sentence. The court did not order concurrent probation. I conclude that the petition has no merit.

_____
JOSEPH M. TIPTON, PRESIDING JUDGE