# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT KNOXVILLE
### Assigned on Briefs April 23, 2013

## STATE OF TENNESSEE v. ALAN ROBERT BENJAMIN

**Direct Appeal from the Criminal Court for Hamilton County**
**Nos. 280910, 280912     Rebecca J. Stern, Judge**

---

**No. E2012-01557-CCA-R3-CD - Filed June 26, 2013**

---

The appellant, Alan Robert Benjamin, pled guilty in the Hamilton County Criminal Court to two counts of robbery and one count of attempted aggravated robbery. The trial court sentenced the appellant as a Range I, standard offender to five years for each offense, with the sentences to be served consecutively for a total effective sentence of fifteen years. The court ordered the appellant to serve eleven months and twenty-nine days confinement for each offense, with the remainder of the sentence to be served on supervised probation. On appeal, the appellant challenges the length of the sentences imposed by the trial court, the imposition of consecutive sentencing, and the denial of full probation. Upon review, we conclude that the trial court erred by allowing the appellant to choose between two proposed sentencing options. Therefore, the judgment of the trial court is reversed and the case is remanded for resentencing in accordance with the purposes and principles of the Sentencing Act.

**Tenn. R. App. P. 3 Appeal as of Right; Judgments of the Criminal Court are Reversed; Case Remanded.**

NORMA MCGEE OGLE, J., delivered the opinion of the court, in which JOSEPH M. TIPTON, P.J., and THOMAS T. WOODALL, J., joined.

Mike A. Little, Chattanooga, Tennessee, for the appellant, Alan Robert Benjamin.

Robert E. Cooper, Jr., Attorney General and Reporter; DeShea Dulany Faughn, Assistant Attorney General; William H. Cox, III, District Attorney General; and Bill Hall, Assistant District Attorney General, for the appellee, State of Tennessee.

# OPINION

## I. Factual Background

On July 27, 2011, the Hamilton County Grand Jury charged the appellant and his co-defendant, Michael Morris Wood, with one count of aggravated robbery, a Class B felony. Additionally, the grand jury charged the appellant and Wood with aggravated robbery and attempted aggravated robbery, Class C felonies.

On April 18, 2012, the appellant entered guilty pleas to two counts of robbery, a Class C felony, and one count of attempted aggravated robbery. At the guilty plea hearing, the State recited the following factual basis for the pleas:

> In this case [indictment number 280910], had we gone to trial, Officer Braden of the Chattanooga Police Department was investigating a robbery that occurred over on Frazier area during the Riverbend [street festival] of a John Wilson and Carolyn Holloway and Kaylen Myers where some property was taken by force or threat of force with a, determined later to be a BB pistol, without the consent of the victims.
>
> As to [indictment number] 280912[,] . . . had we gone to trial, [we] would have shown that Officer Puckett of the Chattanooga Police Department was investigating a robbery that occurred in the Frazier Court area, again around the Riverbend [street festival] on 6/19/2011, wherein Stephen Burnett and Shelby Neighbors were accosted by these defendants with the BB pistol and property was taken by force or threat of force.

The plea agreement provided that the trial court would determine the length and manner of service of the sentences.

At the sentencing hearing, John Wilson testified that he lived in Lookout Valley and that he attended the Riverbend street festival in Chattanooga on June 18, 2011. He said that after leaving Riverbend, he walked across Veteran's Bridge, turned left onto Frazier, and was approached by two men, one of whom was the appellant. The appellant pointed a gun at Wilson and demanded his money. Wilson gave his money to the men, and they walked down the street. They were eventually apprehended.

On cross-examination, Wilson said that his friend, Carolyn Holloway, was with him

at the time of the robbery. Holloway also identified the appellant as the person who held the gun. Wilson stated that during the robbery, he gave the appellant forty to sixty dollars. Wilson said that he was seventeen years old at the time of the robbery and that he had been drinking alcohol that night.

The appellant's mother, Beverley Ann Leclare, testified that the nineteen-year-old petitioner had lived with her in Ooltewah and that he was currently incarcerated. She spoke with the petitioner daily and visited him weekly. She said that the petitioner was remorseful and that he knew what he had done was wrong.

Leclare said that the appellant graduated from high school in 2011 with a 3.2 grade point average and received "presidential academic awards." The appellant was "heavy into sports in his school years." She believed if the petitioner were granted an alternative sentence, he would "conduct himself well."

On cross-examination, Leclare said that the appellant was undergoing treatment for alcohol and drug addiction. She acknowledged that the appellant had been robbed at gunpoint on a prior occasion but said that the robbery was not over drugs.

In determining sentencing, the trial court applied enhancement factor (9), that the appellant possessed or employed a firearm, explosive device or other deadly weapon during the commission of the offense; enhancement factor (10), that the appellant had no hesitation about committing a crime when the risk to human life was high; and enhancement factor (13), that the appellant "was on a conditional release in the community" when he committed the instant offenses. Tenn. Code Ann. § 40-35-114(9), (10), (13)(A). The trial court found no mitigating factors.

The State asked the trial court to impose a period of "some incarceration" due to the "severity of the crime." Defense counsel asked the court to grant split confinement or full probation.

The trial court said:

> Here's what I intend to do, and I'm going to sort of give you a choice. I'm going to run them all concurrent but five years to serve or three 11/29's consecutive to each other. Because under the consecutive sentencing since it was a dangerous – I just looked at a way to do it. And a dangerous offender whose behavior indicates little or no regard for human life, no hesitation about committing a crime, which that's what

I'm going to find if I run them consecutive. And then he can have some split confinement so some probation afterwards but that's the least he's getting. Or he can serve five years and flatten them.

. . . .

. . . I find that we can do the sentences either way under the sentencing reform act. I do find that confinement is necessary to avoid depreciating the seriousness of the offense or particularly suited to provide[] an effective deterrent to others likely to commit similar offenses. We have way too much of this going on.

He doesn't have a criminal record though and the sentencing guidelines encourage alternative sentencing. Although I do find under the multiple convictions statute, 40-35-115, that he's a dangerous offender given these offenses, has little or no regard for human life and no hesitation about committing a crime in which the risk to life is high. So basically what I'm going to do is give him a choice of sentences that I think are supported by the sentencing guidelines. And that is either three concurrent sentences of five years, Range [I], to serve with credit for time served. Or he can take 11/29 – a split confinement of five years, suspended on enhanced probation after 11/29, but all running consecutive to each other, for an effective incarceration of three years.

After consulting with the appellant and the appellant's mother, defense counsel stated that the appellant had chosen to "take the second option, where the sentences are run consecutive and with alternative split confinement."

On appeal, the appellant challenges the length of the sentences imposed by the trial court, the imposition of consecutive sentencing, and the denial of full probation.

## II. Analysis

Previously, appellate review of the length, range, or manner of service of a sentence was de novo with a presumption of correctness. See Tenn. Code Ann. § 40-35-401(d). However, our supreme court recently announced that "sentences imposed by the trial court

-4-

within the appropriate statutory range are to be reviewed under an abuse of discretion standard with a 'presumption of reasonableness.'" State v. Bise, 380 S.W.3d 682, 708 (Tenn. 2012). Our supreme court has further explicitly stated that "the abuse of discretion standard, accompanied by a presumption of reasonableness, applies to within-range sentences that reflect a decision based upon the purposes and principles of sentencing, including the questions related to probation or any other alternative sentence." State v. Caudle, 388 S.W.3d 273, 278-79 (Tenn. 2012). In conducting its review, this court considers the following factors: (1) the evidence, if any, received at the trial and the sentencing hearing; (2) the presentence report; (3) the principles of sentencing and arguments as to sentencing alternatives; (4) the nature and characteristics of the criminal conduct involved; (5) evidence and information offered by the parties on enhancement and mitigating factors; (6) any statistical information provided by the administrative office of the courts as to sentencing practices for similar offenses in Tennessee; (7) any statement by the appellant in his own behalf; and (8) the potential for rehabilitation or treatment. See Tenn. Code Ann. §§ 40-35-102, -103, -210; see also Bise, 380 S.W.3d at 697-98. The burden is on the appellant to demonstrate the impropriety of his sentence. See Tenn. Code Ann. § 40-35-401, Sentencing Comm'n Cmts.

In determining a specific sentence within a range of punishment, the trial court should consider, but is not bound by, the following advisory guidelines:

> (1) The minimum sentence within the range of punishment is the sentence that should be imposed, because the general assembly set the minimum length of sentence for each felony class to reflect the relative seriousness of each criminal offense in the felony classifications; and

> (2) The sentence length within the range should be adjusted, as appropriate, by the presence or absence of mitigating and enhancement factors set out in §§ 40-35-113 and 40-35-114.

Tenn. Code Ann. § 40-35-210(c).

The trial court should consider enhancement and mitigating factors, but the statutory enhancement factors are advisory only. See Tenn. Code Ann. § 40-35-114; see also Bise, 380 S.W.3d at 701; State v. Carter, 254 S.W.3d 335, 343 (Tenn. 2008). Our supreme court has stated that "a trial court's weighing of various mitigating and enhancement factors [is] left to the trial court's sound discretion." Carter, 254 S.W.3d at 345. In other words, "the trial court is free to select any sentence within the applicable range so long as the length of

the sentence is 'consistent with the purposes and principles of [the Sentencing Act].'" Id. at 343. "[A]ppellate courts are therefore left with a narrower set of circumstances in which they might find that a trial court has abused its discretion in setting the length of a defendant's sentence." Id. at 345-46. "[They are] bound by a trial court's decision as to the length of the sentence imposed so long as it is imposed in a manner consistent with the purposes and principles set out in sections -102 and -103 of the Sentencing Act." Id. at 346.

Although not raised by either party, we note that the trial court allowed the appellant to choose between two sentences. This court has specifically opined that under the sentencing act, the duty to sentence a defendant cannot be delegated. See State v. Bruce M. Marshall, No. 03C01-9203-CR-103, 1992 WL 371759, at *1 (Tenn. Crim. App. at Knoxville, Dec. 17, 1992). This court has noted that although a trial court "can certainly accept plea agreements proposed by the prosecution and the defense, [the court] cannot delegate the matter of sentencing to either the prosecution or the defense." Id. In a similar situation, this court has previously held that "[g]iven this unique procedure that is not contemplated by the sentencing statutes, fundamental fairness requires that we remand for a resentencing hearing that complies with the Criminal Sentencing Reform Act, specifically the procedures outlined in [Tennessee Code Annotated section] 40-35-210." State v. Gary S. Johnson, No. 03C01-9709-CR-00399, 1998 WL 915905, at *3 (Tenn. Crim. App. at Knoxville, Nov. 12, 1998) (footnote omitted).

For consideration on remand, we note other concerns surrounding the imposition of three, consecutive five-year sentences with the appellant serving eleven months and twenty-nine days of each sentence in confinement. This court has previously explained that when probation is made a part of a sentence,

> it must run in the same manner as the periods of incarceration. The term "sentence" includes both the period of incarceration and the period of probation. Thus, if the trial court orders the defendant's sentences to run consecutively, then each portion of his sentences must be so served. Likewise, if the defendant is ordered to serve his sentences concurrently, his periods of probation will also run concurrently. The Sentencing Act makes no provision for ordering different portions of the same sentence to run in different manners.

State v. Connors, 924 S.W.2d 362, 364 (Tenn. Code Ann. § 1996). In other words, "[a] trial court may not order confinement concurrently and probation consecutively from multiple sentences." State v. Clark, 67 S.W.3d 73, 79 (Tenn. Crim. App. 2001).

Further, we note that the consecutive sentencing option contained sentences of split confinement.  If served as ordered, the appellant would serve almost three years in confinement followed by twelve years on probation.  This court has explained that Tennessee Code Annotated section "40-35-306(a) empowers the court to order continuous service of 365 days *as a component of split confinement*.  The Code grants no authority to extend the confinement portion of a split confinement sentence beyond 365 days."  State v. Matthew I. Tart, No. E2009-01315-CCA-R3-CD, 2010 WL 1610515, at *3 (Tenn. Crim. App. at Knoxville, Apr. 21, 2010).  Accordingly, "[t]he consecutive alignment of split confinement sentences resulting in a confinement period of over one year runs afoul of Section 40-35-306(a)."  State v. James Edward Kilby, III, No. E2011-02462-CCA-R3-CD, 2012 WL 3793435, at *1 (Tenn. Crim. App. at Knoxville, Sept. 4, 2012).

### III.  Conclusion

In sum, the judgments of the trial court are reversed and the case is remanded for resentencing.

_____
NORMA McGEE OGLE, JUDGE

-7-