IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs September 7, 2016

**STATE OF TENNESSEE v. JULIE FULLER-COLE**

**Appeal from the Criminal Court for Shelby County**
**No. 10-06605        James M. Lammey, Jr., Judge**

_____

**No. W2015-01346-CCA-R3-CD  -  Filed October 27, 2016**
_____

In 2012, the Defendant, Julie Fuller-Cole, pleaded guilty in Shelby County to theft over $10,000. The trial court sentenced her to ten years of incarceration to run consecutively to a probation sentence from a prior Fayette County conviction. The Fayette County probation sentence was later revoked. In 2015, the Defendant filed a motion pursuant to Tennessee Rule of Criminal Procedure 36.1, seeking to correct an illegal sentence. The Defendant asserted that the Shelby County sentence was illegal because it was aligned consecutively to the Fayette County sentence and because the Fayette County sentence was not revoked until after she was sentenced in Shelby County. After a hearing, the trial court concluded that there was nothing illegal about the alignment of the sentences. On appeal, the Defendant maintains that her sentence is illegal and that the sentences should be run concurrently. After a review of the record and applicable law, we affirm the trial court's judgment.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

ROBERT W. WEDEMEYER, J., delivered the opinion of the court, in which NORMA MCGEE OGLE and D. KELLY THOMAS, JR., JJ., joined.

Rosalind Elizabeth Brown, Memphis, Tennessee, for the appellant, Julie Fuller-Cole.

Herbert H. Slatery III, Attorney General and Reporter; Jonathan H. Wardle, Assistant Attorney General; Amy P. Weirich, District Attorney General; and Byron B. Winsett, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**
**I. Facts and Procedural History**

This case arises out of the alignment of two sentences for two separate convictions: a 2008 Fayette County conviction for theft over $10,000 and a 2012 Shelby County conviction for theft over $10,000. For the Fayette County conviction the Defendant was ordered to serve a ten-year sentence on probation, as a Range III Persistent Offender, with a 45% release eligibility. The judgment form stated that the Defendant's sentence for the Shelby County case was ten years of incarceration, as a Range III Persistent Offender, with a 30% release eligibility. The Shelby County trial court ordered that the Defendant's Shelby County sentence run consecutively to the Fayette County sentence.

After the trial court entered the Defendant's judgments, the Defendant filed a motion seeking to correct an illegal judgment pursuant to Tennessee Rule of Criminal Procedure 36 based upon her release eligibility of 30% as a Range III Persistent Offender which is contrary to the sentencing statutes. The trial court denied her motion, and the Defendant appealed to this Court. On appeal, this Court summarized the history of the case and the Defendant's complaint as follows:

> The [D]efendant entered into a negotiated plea agreement with an agreed-to sentence to plead guilty to theft of property over $10,000, a Class C felony. Although a transcript of the guilty plea hearing was not included in the record for review, the plea agreement stated that the [D]efendant would be sentenced as a Range I offender to serve ten years with a release eligibility of 30%. The judgment of the court shows that she was sentenced as a Range III persistent offender to serve ten years with a 30% release eligibility date. A conviction for a Class C felony carries a possible incarceration sentence of three to fifteen years, with a release eligibility date of 30% for a Range I, standard offender, and a release eligibility date of 45% for a Range III, persistent offender. A Class C conviction for a Range I, standard offender calls for a possible jail sentence of three to six years, while a Class C felony conviction for a Range III, persistent offender calls for a possible jail sentence of ten to fifteen years. The judgment was entered on August 9, 2012, and executed on August 17, 2012. On December 15, 2012, the [D]efendant filed a pro se motion for correction of an illegal sentence and/or reduction of sentence pursuant to Tennessee Rules of Criminal Procedure Rule 35, stating that her sentence was illegal because it exceeded the maximum range for a Range I offender.

*State v. Julie Fuller*, No. W2013-00900-CCA-R3-CD, 2014 WL 1669958, at *2-*3 (Tenn. Crim. App., at Jackson, April 24, 2014), *no perm. app. filed*. This Court remanded the case to the trial court for correction of the judgment to reflect the plea agreement.

2

On remand, the trial court entered a corrected judgment on June 5, 2014, indicating a sentence of ten years at 30% as a Range I offender. The corrected judgment also reflects that the Shelby County sentence was to run consecutively to the Fayette County sentence. Handwritten into the box indicating consecutive sentencing are the words "if convicted."

In September 2014, the Defendant's Fayette County probation sentence was revoked. Thereafter, the Defendant filed a motion to correct an illegal sentence pursuant to Tennessee Rule of Criminal Procedure 36.1, arguing her Shelby County sentence was illegal because it was aligned consecutively to the Fayette County sentence, which was not revoked until after she was sentenced in Shelby County. On May 14, 2015, the trial court held a hearing and concluded that there was nothing illegal about the alignment of the sentences because the Defendant had been convicted and sentenced in Fayette County before she pleaded guilty in Shelby County. The trial court also found the language on the corrected judgment "if convicted" was "surplusage" because the Defendant had already pleaded guilty to the Fayette County conviction at the time of the Shelby County conviction. When the Defendant asserted that she would not have entered the Shelby County guilty plea had she understood the sentence was consecutive, the trial court offered the Defendant the option of setting aside the guilty plea and proceeding to trial or striking the surplus language from the corrected judgment.[1] The Defendant conferred with her attorney and advised the trial court that she did not want to "start over" and agreed to strike the surplus language from the corrected judgment. The trial court struck the language from the judgment sheet and this appeal followed.

## II. Analysis

On appeal, the Defendant asserts that the trial court erred when it did not alter her sentence to provide for concurrent alignment of the Shelby County sentence and the Fayette County sentence. The State responds that the Defendant's sentence is not illegal and, therefore, she is not entitled to relief. We agree with the State.

Tennessee Rule of Criminal Procedure 36.1 provides in pertinent part that:

(a) Either the defendant or the state may, at any time, seek the correction of an illegal sentence by filing a motion to correct an illegal sentence in the trial court in which the judgment of conviction was entered. For purposes

---

[1] At the hearing, none of the parties knew how the language "if convicted" came to be on the corrected judgment form or the identity of the person who added it.

of this rule, an illegal sentence is one that is not authorized by the applicable statutes or that directly contravenes an applicable statute.

(b) Notice of any motion filed pursuant to this rule shall be promptly provided to the adverse party. If the motion states a colorable claim that the sentence is illegal, and if the defendant is indigent and is not already represented by counsel, the trial court shall appoint counsel to represent the defendant. The adverse party shall have thirty days within which to file a written response to the motion, after which the court shall hold a hearing on the motion, unless all parties waive the hearing.

Tenn. R. Crim. P. 36.1(a), (b) (2014). Rule 36.1 does not define the term "colorable claim." In interpreting Rule 36.1, this Court has adopted the definition for "colorable claim" from the post-conviction context: "A colorable claim is a claim . . . that, if taken as true, in the light most favorable to the [Defendant], would entitle [Defendant] to relief. . . ." *State v. David Morrow*, No. W2014-00338-CCA-R3-CO, 2014 WL 3954071, at *2 (Tenn. Crim. App., at Jackson, Aug. 13, 2014) (citing Tennessee Supreme Court Rule 28, § 2(H)), *no Tenn. R. App. P. 11 filed*.

"Whether a sentence is illegal pursuant to Rule 36.1 is a question of law that we review de novo with no presumption of correctness." *State v. Dusty Ross Binkley*, No. M2014-00173-CCA-R3-CD, 2015 WL 2148950, at *2 (Tenn. Crim. App., at Nashville, May 7, 2015) (citing *Summers v. State*, 212 S.W.3d 251, 255 (Tenn. 2007) (stating that the standard of review for a habeas corpus case is de novo with no presumption of correctness)).

The following are examples of illegal sentences:

(1) a sentence imposed pursuant to an inapplicable statutory scheme; (2) a sentence designating a [Release Eligibility Date (RED) ] where a RED is specifically prohibited by statute; (3) a sentence ordered to be served concurrently where statutorily required to be served consecutively; and (4) a sentence not authorized for the offense by any statute.

*Davis v. State*, 313 S.W.3d 751, 759 (Tenn. 2010) (internal citations omitted). The Defendant's assertions in this case, taken as true and in the light most favorable to her, do not state a colorable claim that her sentence is illegal. As the State correctly notes, the statute governing the alignment of sentences expressly provides sentencing courts with the authority to impose consecutive sentences for crimes committed while serving a probation sentence. *See* T.C.A. § 40-35-115(b)(6). This Court has previously held that sentences involving probation must be aligned in the same manner as sentences involving

4

incarceration and also has affirmed sentences where a trial court has ordered a sentence of confinement to run consecutively to a probation sentence. *See State v. Connors,* 924 S.W.2d 362, 364 (Tenn. Crim. App. 1996), *overruled on other grounds by State v. Troutman*, 979 S.W.2d 271 (Tenn. 1998); *State v. Malone,* 928 S.W.2d 41, 44 (Tenn. Crim. App. 1995). Accordingly, the trial court properly denied the Defendant relief pursuant to Tennessee Rule of Criminal Procedure 36.1.

### III. Conclusion

In accordance with the aforementioned reasoning and authorities, we affirm the trial court's denial of the Defendant's Rule 36.1 motion to correct an illegal sentence.

_____
ROBERT W. WEDEMEYER, JUDGE

5