**STATE of Tennessee, Appellee,**

v.

**Gerald CARNEY, Appellant.**

Court of Criminal Appeals of Tennessee, at Nashville.

May 19, 1988.

Sam E. Wallace, Nashville, for appellant.

W.J. Michael Cody, Atty. Gen. and Reporter, Kymberly Lynn Anne Hattaway, Asst. Atty. Gen., W. Edward Barnard,

Asst. Dist. Atty. Gen., Nashville, for appellee.

## OPINION

DWYER, Judge.

This is an appeal as a matter of right by Gerald Carney pursuant T.R.A.P. 3(b) from the revocation of appellant's suspended sentence by the trial court. See T.C.A. § 40–21–107. The record reveals that on June 2, 1982, the appellant entered a guilty plea to the crime of attempting to commit a felony, to wit: concealing stolen property. He was sentenced to serve not more than one year, nor less than one year incarceration in the state penitentiary. On June 17, 1982 appellant filed a petition for suspended sentence which the trial court granted on July 2, 1982. Appellant was placed on probation for a period of five years.

On September 22, 1986, a probation violation report was filed by the Tennessee Department of Correction and a warrant was issued by the trial court for the appellant's arrest. Following an evidentiary hearing, the trial court sustained the probation violation warrant on May 22, 1987. Appellant presents a single issue for our review, challenging the sufficiency of the evidence at his revocation hearing. From our review, the judgment of the trial court is affirmed.

The proof adduced at appellant's revocation hearing shows that on July 3, 1986, an officer of the Metro Police Department visited the appellant's residence/business in Davidson County for the purpose of investigating information to the effect that the appellant was in possession of stolen vehicles or stolen vehicle parts. With appellant's consent, the officer, accompanied by an owner of a stolen truck, found parts that belonged to the owner on appellant's premises. Further investigation revealed parts to another truck that the officer's records reflected had been stolen. There were VIN numbers of the parts which showed that basically two trucks had been dismantled and were then in the process of being interchanged.

The appellant, testifying in his own defense, related that the parts had been obtained by him from an unknown person. In essence, appellant contends that his receipt of the stolen vehicle parts was out of innocence. An illegible receipt was produced in an effort to verify his statements to the officer. The cross-examination by the State developed appellant's lengthy record of convictions involving automobiles.

■ Appellant argues that due process requirements were violated in that the trial court relied solely upon one witness whose only knowledge regarding this matter amounted to hearsay. Although appellant acknowledges *Barker v. State*, 483 S.W.2d 586 (Tenn.Crim.App.1972), which stands for the proposition that the strict rules of evidence do not apply at a revocation hearing, he further contends that the State presented no direct evidence that he intentionally or willfully violated conditions of his probation. We disagree.

In the case *sub judice*, the trial court had before it the testimony of the investigating officer who discovered parts of two vehicles in appellant's possession which were identified as being stolen. Accompanying the officer was an owner of one of the stolen vehicles. Under the circumstances, it appeared that the appellant was in the process of dismantling and interchanging parts from the stolen vehicles. Appellant was also unable to recall the name of the individuals who sold him the vehicles or produce proper documentation regarding their purchase.

■ As acknowledged by the appellant, strict rules of evidence do not apply in a sentencing hearing. *See Barker v. State, supra.* Indeed, the Criminal Sentencing Reform Act of 1982 permits the admission of hearsay evidence provided that the evidence is "reliable" and that the defendant is "accorded a fair opportunity to rebut any hearsay evidence so admitted." T.C.A. § 40–35–209(b). Here, there is no suggestion that the officer's testimony regarding the investigation in this matter was unreliable. Moreover, the record clearly reveals that at no point did the appellant object to the allegedly hearsay nature of the investigating officer's testimony. When no objection to testimony is interposed, such testi-

mony may be properly considered and given its natural probative effect as if it were in law admissible. *State v. Harrington*, 627 S.W.2d 345 (Tenn.1981); *State v. Bennett*, 549 S.W.2d 949, 950 (Tenn.1977). Hence, no due process deprivation occurred.

In such quarters, it is obvious the trial court accredited the testimony of the officer. *See State v. Delp*, 614 S.W.2d 395 (Tenn.Crim.App.1980). There was, therefore, substantial evidence before the trial court to support the revocation. Accordingly, the issue is overruled, and the judgment of the trial court is affirmed.

DAUGHTREY and SCOTT, JJ., concur.