IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT NASHVILLE

APRIL 1997 SESSION

FILED

October 30, 1997

Cecil W. Crowson
Appellate Court Clerk

| | | |
|---|---|---|
| STATE OF TENNESSEE, | * | C.C.A. # 01C01-9608-CC-00334 |
| Appellee, | * | WILLIAMSON COUNTY |
| VS. | * | Hon. Cornelia A. Clark, Judge |
| JEFFREY D. HUNTER, | * | (Revocation of Probation) |
| Appellant. | * | |

For Appellant:

John S. Colley, III
Colley & Colley, Attorneys
P.O. Box 1476
Columbia, TN  38402-1476

For Appellee:

Charles W. Burson
Attorney General & Reporter

Lisa A. Naylor
Assistant Attorney General
Criminal Justice Division
450 James Robertson Parkway
Nashville, TN  37243-0493

Jeff Burks
Assistant District Attorney General
P.O. Box 937
Franklin, TN  37065-0937

OPINION FILED:_____

AFFIRMED AS MODIFIED

GARY R. WADE, JUDGE

## OPINION

The defendant, Jeffrey D. Hunter, appeals the trial court's revocation of his probation. The trial court ordered the defendant to serve consecutive terms of two, two, one, and eight years, a total of thirteen years, and directed a transfer to the Department of Correction Special Needs Facility pursuant to Tenn. Code Ann. § 40-35-314(e).

In this appeal of right, the defendant raises questions about his sanity at the time of his probation violations and his competency to stand trial at the time of his revocation hearing; he also argues that two of the four sentences had expired before the violation. The judgment of the trial court is affirmed as modified.

When a probation revocation is challenged, the appellate courts have a limited scope of review. If the trial judge finds by a preponderance of the evidence "that the defendant has violated the conditions of his probation," probation may be revoked. Tenn. Code Ann. § 40-35-311(d). This decision to revoke a suspended sentence rests in the sound discretion of the trial court. The Sentencing Commission Comments to Section 40-35-310 provide that "[u]pon revocation, the original sentence imposed can be placed into effect." The determination by the trial court, if conscientiously made, is entitled to an affirmance; the record must merely demonstrate that there is substantial evidence to support its conclusions. State v. Delp, 614 S.W.2d 395, 398 (Tenn. Crim. App. 1980); see also State v. Williamson, 619 S.W.2d 145, 147 (Tenn. Crim. App. 1981).

On appeal, the findings of the trial court are entitled to the weight of a jury verdict, and the appellant has the burden to demonstrate that the record contains no substantial evidence to support the finding of the trial court that a

2

violation of the conditions of probation has occurred. State v. Wall, 909 S.W.2d 8, 9-10 (Tenn. Crim. App. 1994); State v. Harkins, 811 S.W.2d 79, 82 (Tenn. 1991). Upon a violation of the terms of probation, "the trial judge shall have the right by order duly entered upon the minutes of [the] court, to revoke the probation and suspension of sentence and cause the defendant to commence the execution of the judgment as originally entered, or otherwise in accordance with § 40-35-310 ...." Tenn. Code Ann. § 40-35-311(d).

Strict rules of evidence do not apply to a probation hearing; consequently, reliable hearsay is admissible under certain conditions. See State v. Carney, 752 S.W.2d 513 (Tenn. Crim. App. 1988); Barker v. State, 483 S.W.2d 586 (Tenn. Crim. App. 1972). The defendant has a qualified due process right to confront witnesses. See State v. Milton, 673 S.W.2d 555 (Tenn. Crim. App. 1984); Stamps v. State, 614 S.W.2d 71 (Tenn. Crim. App. 1980). Due process also demands that a defendant have "an opportunity to present mitigating evidence and to argue that alternatives to imprisonment are appropriate." Black v. Romano, 471 U.S. 606, 614 (1985).

On September 3, 1991, the defendant entered guilty pleas to two counts of possession of marijuana with intent to sell. Later, the sentencing court imposed consecutive, Range I sentences of two years each; probation for a period of two years was granted on each count. On the same day, the defendant entered guilty pleas to reckless driving, a misdemeanor, which resulted in a concurrent, supervised probation of six months, and to felony bail jumping, for which he received a one-year probationary sentence to be served consecutively to the other sentences.

3

In November of 1991, and again in February of 1993, probation violation warrants were issued against the defendant. Neither resulted in a Department of Correction sentence. The 1993 violation was based upon an aggravated assault conviction for which the defendant received a fully suspended Range II sentence of eight years with a probationary period of fifteen years. The judgment form provided as follows: "Consecutive to: Williamson County Cases 989-210 and 989-212 and Maury Co. 3156 ... To serve 75 days, day for day concurrent with probation violation: Probation concurrent with other cases: ...."[1] The defendant served seventy-five days before being placed back on probation.

A third probation violation warrant was issued in June of 1994. It resulted in revocation of probation, a ninety-day sentence in November of that year, and reinstatement to probation thereafter.

On April 1, 1996, a final probation revocation warrant was issued against the defendant, mostly based upon threats he had made to his family, his use of alcohol (specifically prohibited by the probationary rules), and erratic behavior at least partially connected to the recent death of his wife. The defendant was sent to the Vanderbilt Medical Center for an evaluation. After a hearing in May of 1996, the trial court revoked the defendant's probation on all of the felony convictions, thereby

---

[1]Although not mentioned by either party, it is doubtful the trial court had the authority to order the incarceration period of a sentence consecutive and the probation period concurrent. In State v. Connors, 924 S.W.2d 362, 363 (Tenn. Crim. App. 1996), the trial court ordered "the periods of incarceration ... to run concurrently, while the periods of probation were to run consecutively." The defendant appealed, arguing his sentence was excessive. Our court held that that form of sentencing "is not permissible under the Act." Id. at 364. If probation is made part of a sentence, it must be imposed in the same manner as incarceration:

> [I]f the trial court orders the defendant's sentences to run consecutively, each portion of his sentence must be so served. Likewise if the defendant is ordered to serve his sentences concurrently, his periods of probation will also run concurrently. The Sentencing Act makes no provision for ordering different portions of the same sentence to run in different manners.

Id.

ordering an effective sentence of thirteen years in the Department of Correction. After a motion to correct the sentence was filed by the defendant, the trial court made detailed findings of fact and conclusions of law. Each of the three contentions raised in this appeal were specifically addressed.

I

Initially, the trial court concluded that the defendant had failed to present an insanity defense at any time prior to or during the revocation proceeding; while acknowledging that the defendant's mental condition had been a matter of concern in prior hearings, the trial court concluded that no testimony could sustain an insanity defense at the time of the events resulting in the revocation of his probation.

The defendant, who had been diagnosed as having a history of bipolar disorder and manic depression, claimed that he had heard voices, had seen things, and did not understand why he had been jailed. He contended that his stress was due to the death of his wife, who had apparently died from a drug overdose. A letter from a physician dated April 18, 1996, indicated that the defendant had, in fact, suffered a relapse due to the death of his wife, increasing depressive symptoms and rendering him incapable of distinguishing right from wrong or conforming his conduct to the requirements of law.

The law, however, presumes the sanity of an accused. Brooks v. State, 489 S.W.2d 70, 72 (Tenn. Crim. App. 1972). It is only when the evidence raises a reasonable doubt as to the sanity of the defendant, that the burden shifts to the state to establish beyond a reasonable doubt that the defendant appreciated the wrongfulness of his conduct and had the capacity to conform his conduct to the

5

requirements of law. State v. Clayton, 656 S.W.2d 344, 345 (Tenn. 1983). In the context of a probation violation, however, the majority view is that insanity or a mental disorder or defect may only be considered as mitigating evidence. State v. Clarence Stevens, No. 03C01-9412-CR-00442 (Tenn. Crim. App., at Knoxville, May 3, 1995); State v. Glen R. Gregory, No. 89-157-III (Tenn. Crim. App., at Nashville, Mar. 8, 1990). Here, the trial court met its obligation by specifically considering the defendant's mental condition in mitigation of his use of alcohol and threat to others, the actions which resulted in the revocation of his probation.

II

The defendant next insists that, because he was on medication at the time of his hearing, he was not competent to proceed. The trial court, in addressing the second issue, concluded that the defendant had understood "the nature of the [revocation] proceedings and was able to present a defense[,] ... testif[ying] coherently and present[ing] other witnesses." The trial court determined that the defendant was able to assist his counsel in the defense with a reasonable degree of rational understanding and that he understood the proceedings against him. See Mackey v. State, 537 S.W.2d 704 (Tenn. Crim. App. 1975).

Stated simply, the evidence in the record does not preponderate against those findings. Thus, we could not grant relief on this ground.

III

Finally, the defendant contends that he had served "3 full years, 11 full months, and 87 days" on probation before the April 1, 1996, revocation. While acknowledging that the October 30, 1991, order placed him on "five years of intensive supervised probation," the defendant asserts that the subsequent

6

judgments entered by the trial courts reflected consecutive probationary periods of two two-year terms and one one-year term.  He reasons that his first two-year sentence expired January 12, 1994, and his second two-year sentence expired February 6, 1996.  He thus contends that the trial court could have only imposed a nine-year sentence to the Department of Correction.

The trial court concluded that the two drug felony sentences, totaling four years, and the consecutive bail jumping sentence of one year had not expired at the time the last probation violation warrant was issued on April 1, 1996.  The trial court ruled that the effective sentence was five years and that by order entered in October of 1991, over sixty days after the original guilty pleas were entered, the defendant was placed on a period of five years intensive probation, subject to conditions, rather than successive terms of two, two, and one years.

We agree that the defendant's sentences had not expired yet reach this conclusion on different grounds than the trial judge.  It is true that the record contains an order, dated October 28, 1991, stating the defendant would be placed on five years of intensive probation.  The individual judgment forms for each of the sentences, however, provide only that the defendant is to be placed on two years, two years, and one year of probation, all to be served consecutively.  The judgment forms were filed after the order and, in our view, are controlling as to the terms of the defendant's probation.  Each sentence must be treated individually and executed according to the terms of its judgment form.

Once the defendant completed his two years of service on the first conviction, the trial judge would be without authority to revoke the probation on that sentence.  "The trial judge shall possess the power, at any time <u>within the maximum</u>

7

time which was directed and ordered by the court for such suspension ... to revoke and annul such suspension." Tenn. Code Ann. § 40-35-310 (emphasis added). The fact that the defendant was to serve a total of five years of probation does not mean that the trial court has the authority to revoke probation on a sentence that has been fully served, simply because the defendant is still serving probation on a subsequent sentence.

The problem with the defendant's argument, however, is that he never fully served any of his sentences. The detailed findings of fact indicate that a probation revocation warrant was filed in the latter part of 1991; that probation was revoked and then reinstated on January 13, 1992. When the trial judge revokes probation, "the original judgment so rendered by the trial judge shall be in full force and effect from the date of the revocation of such suspension, and shall be executed accordingly." Tenn. Code Ann. § 40-35-310. Thus, after a revocation, service of the sentence begins anew on the "date of the revocation." In Young v. State, 539 S.W.2d 850, 854 (Tenn. Crim. App. 1976), our court held "[b]y Tennessee law, where an individual's suspended sentence is revoked, his sentence commences to run from the date of revocation." The fact that the trial judge should again decide to suspend the sentence does not alter our conclusion that once a trial judge revokes probation, the original sentence begins on the date of the probation revocation. See State v. Gill Austin, No. 01C01-9512-CC-00431, slip op. at 4, n. 3 (Tenn. Crim. App., at Nashville, Oct. 17, 1996) (After a probation revocation, "[t]he trial judge obviously retains the authority to again suspend all or any portion of the sentence and set reasonable conditions of probation in conjunction therewith.")

Probation on the first two-year sentence was again revoked in April of 1993. On the date probation was revoked, service of the first two-year sentence

8

began anew. This pattern has continued, such that the defendant has yet to have completely served his first two-year sentence.

The distinguishing factor about time served on probation is that the probationer "is not entitled to [partial] credit on his sentence for time spent on probation." Young, 539 S.W.2d at 855. See also Austin, slip op. at 4 (citing Young with approval). Based upon that ruling, we must conclude that the sentences had not expired when the trial judge revoked probation.

We note that the order of the trial court in revoking probation does not provide credit for the time of jail service. The findings of fact indicate that the defendant served seventy-five days when his probation was revoked in 1993 and then ninety days when his probation was revoked in 1994. Certainly, the defendant is entitled to credit for this time served. In State v. George Watkins, No. 5, slip op. at 4 (Tenn. Crim. App., at Jackson, Dec. 6, 1989), the defendant was placed on probation after service of nine months in jail. When the trial court revoked probation, it declined to give him credit for the time served in custody. This court held the defendant was entitled to credit for the time served in custody. Id. The order revoking probation is, therefore, modified to reflect that the defendant will receive credit for time served in custody. Otherwise, the judgment is affirmed.

_____
Gary R. Wade, Judge

CONCUR:


_____
David H. Welles, Judge

_____
Curwood Witt, Judge