IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT KNOXVILLE

JANUARY 1998 SESSION



**FILED**

**February 13, 1998**

**Cecil Crowson, Jr.**
Appellate Court Clerk

| | | |
|---|---|---|
| STATE OF TENNESSEE, | ) | |
| | ) | |
| Appellee, | ) | No. 03C01-9705-CR-00175 |
| | ) | |
| | ) | Knox County |
| v. | ) | |
| | ) | Honorable Richard Baumgartner, Judge |
| | ) | |
| MAURICE TRAVON JOHNSON, | ) | (Probation Revocation) |
| | ) | |
| Appellant. | ) | |

For the Appellant:

Mark E. Stephens
District Public Defender
    and
John Halstead
Assistant Public Defender
1209 Euclid Avenue
Knoxville, TN 37921
(AT TRIAL)

Mark E. Stephens
District Public Defender
    and
Paula R. Voss
Assistant Public Defender
1209 Euclid Avenue
Knoxville, TN 37921
(ON APPEAL)

For the Appellee:

John Knox Walkup
Attorney General of Tennessee
        and
Georgia Blythe Felner
Assistant Attorney General of Tennessee
450 James Robertson Parkway
Nashville, TN 37243-0493

Randall E. Nichols
District Attorney General
        and
Paula Gentry and C. Leon Franks
Assistant District Attorney General
City County Building
Knoxville, TN 37902

OPINION FILED:_____

AFFIRMED

Joseph M. Tipton
Judge

**O P I N I O N**

The defendant, Maurice Travon Johnson, appeals as of right from the revocation of his probation by the Knox County Criminal Court. He contends that the trial court abused its discretion by revoking his probation. We affirm the revocation.

On March 8, 1996, the defendant was convicted of possessing cocaine with the intent to sell and deliver and of introducing drugs into a penal facility. He received consecutive, Range I sentences of eight years and five years, respectively. On August 15, 1996, the defendant's sentences were suspended, and the defendant was placed under the supervision of the Community Alternatives to Prison Program ("CAPP") for a period of thirteen years. On October 30, 1996, a probation revocation warrant was filed against the defendant, alleging that he had violated the conditions of his probation (1) by possessing or using alcohol or controlled substances, (2) by failing to make a full and accurate report to his case manager, and (3) by failing to keep his curfew.

At the probation revocation hearing, Katherine Hancock testified that she was employed by the Knox County Community Alternatives to Prison Program and that she supervised the defendant. She stated that the defendant was placed in the CAPP Care Program, where he was required to participate in six weeks of treatment followed by job placement and follow-up treatment. She said that during the first six weeks, the defendant did an excellent job. However, Ms. Hancock testified that the defendant had a lot of problems with cocaine and that every drug screen that she gave to the defendant was positive for cocaine. She said that the defendant admitted his drug use to her.

2

Ms. Hancock stated that she then arranged for the defendant to attend Another Chance, an in-patient treatment program. She said that the defendant attended Another Chance for approximately one month. Ms. Hancock testified that after a court appearance on October 11, the treatment coordinator for Another Chance notified her that the defendant had stopped attending group meetings for a week and that he had tested positive again for cocaine use. Ms. Hancock stated that the defendant also failed to report regularly to CAPP after October 11 and did not return the messages that she left at the defendant's girlfriend's house. She said that she then prepared a probation revocation warrant. Ms. Hancock testified that she believed that the defendant would no longer benefit from further rehabilitation efforts by CAPP.

The defendant testified that he had a problem with crack cocaine. He conceded that he used cocaine while participating in CAPP and that a drug screen given before October 11 showed that he had used cocaine. He blamed his drug use during the program on depression. He admitted that following a court appearance on October 11, the trial court gave him thirty days to comply with the conditions of his probation and warned him that it would revoke his probation if he did not stop using drugs. The defendant stated that he stopped using drugs after the hearing, and he claimed that he was not given any more drug tests. He explained that after the hearing, he attended the in-patient program but missed a week of treatment because he was sick with the flu. He claimed that he called the receptionist at Another Chance each day that he missed, and he said that the reason he did not contact his CAPP supervisor was that he believed that the personnel at Another Chance contacted CAPP. He said that he did not return for treatment because he was notified a few days before his next court appearance on November 1 that his insurance refused to pay for the treatment due to his absences. Rather than reporting his absences to CAPP, the defendant chose instead to appear in court.

3

At the conclusion of the hearing, the trial court revoked the defendant's probation and ordered the defendant to serve the remainder of his sentence in the custody of the Department of Correction. In revoking the defendant's probation, the trial court stated:

> [I]t's clear that you have a serious problem with the cocaine abuse. And I think that that's affected your entire lifestyle for a significant period of time here. I was hoping -- I was optimistic, very candidly, back in August -- that you might have a shot at making it on the Care Program, but it just didn't work out.
>
> The most amazing thing to me is that when you were here in October, and I . . . explained to you very clearly that it was your absolutely last opportunity to get in compliance. And I candidly don't find it very difficult to believe that whether you were sick or not, that you couldn't even make a phone call or contact the people at the CAP Office. There's no question you are in violation.

In its written revocation orders, the trial court stated that it found that the defendant was "guilty of violating the laws of this State, and has otherwise violated the conditions of his probation."

Initially, the defendant contends that his due process rights were violated because the trial court did not adequately place its findings on the record. He cites State v. Billy Carter, No. 03C01-9506-CR-00159, Sullivan County, slip op. at 6 (Tenn. Crim. App. Apr. 16, 1996), in which this court stated that "the trial court's failure to make findings of fact in accordance with the principles of due process . . . coupled with the records' failure to reflect that the appellant was given written notice of the claimed probation violation" required a remand for further proceedings to be conducted in accordance with due process. We do not believe that the defendant's due process rights were violated. Although the trial court should have been more specific in its factual findings, it obviously found that the defendant violated the conditions of his probation by continuing to use drugs after being warned in October and by failing to report to his supervisor at CAPP.

4

If the trial court finds by a preponderance of the evidence that a defendant violated a condition of his probation, it is within the trial court's discretion to revoke the defendant's probation and cause execution of the judgment as it was originally entered. T.C.A. §§ 40-35-310, -311(d); State v. Mitchell, 810 S.W.2d 733, 735 (Tenn. Crim. App. 1991). For an appellate court to find an abuse of discretion and reverse a trial court's revocation of probation, it must be demonstrated that the record contains no substantial evidence to support the conclusion of the trial court that a violation of the conditions of probation has occurred. State v. Harkins, 811 S.W.2d 79, 82 (Tenn. Crim. App. 1991).

The defendant asserts that the trial court abused its discretion by revoking his probation because the evidence is insufficient to support a finding that he violated the conditions of his probation. He argues that the only proof that the defendant used cocaine after the trial court's warning on October 11 was hearsay. He contends that his right to confrontation was violated by the admission of Ms. Hancock's testimony that the treatment coordinator for Another Chance notified her that a drug screening showed that the defendant had used cocaine. However, the defendant failed to object to the introduction of the evidence. "When no objection to testimony is interposed, such testimony may be properly considered and given its natural probative effect as if it were in law admissible." State v. Carney, 752 S.W.2d 513, 514-15 (Tenn. Crim. App. 1988). Under these circumstances, the trial court was entitled to rely upon Ms. Hancock's testimony regarding the defendant's continuing use of cocaine to revoke his probation.

Although the defendant also argues that there is nothing in the record to indicate that he was required to communicate directly with his CAPP supervisor, the record does not contain a complete list of the defendant's conditions of probation. At the revocation hearing, the defendant did not dispute that he was required to communicate with CAPP. Instead, he testified that he understood that the personnel at the Another Chance program was contacting CAPP for him. Based on the record

5

before us, we cannot say that the record preponderates against the trial court's finding that the defendant violated his probation by failing to make a full and truthful report to his case manager.

The evidence in this case does not preponderate against the trial court's conclusion that the defendant has failed to comply with the conditions of his release. We hold that the trial court properly revoked the defendant's probation. The judgment of the trial court is affirmed.

_____Joseph M. Tipton, Judge

CONCUR:

_____
Gary R. Wade, Judge

_____
William M. Barker, Judge