IN THE COURT OF CRIMINAL APPEALS
AT JACKSON
JANUARY 1999 SESSION



FILED

April 29, 1999

Cecil Crowson, Jr.
Appellate Court Clerk

| STATE OF TENNESSEE, | ) | |
|---|---|---|
| | ) | C.C.A. No. 02C01-9805-CC-00151 |
| Appellee, | ) | |
| | ) | HENRY COUNTY |
| VS. | ) | |
| | ) | HON. JULIAN P. GUINN, |
| DONALD RAY SMITH, | ) | JUDGE |
| | ) | |
| Appellant. | ) | (Aggravated Sexual Battery) |

## OPINION CONCURRING IN PART AND DISSENTING IN PART

I agree with my colleagues' conclusion that the pre-trial statements of the alleged victim should not have been treated as substantive evidence since they did not qualify for admission under any of the hearsay exceptions. However, these statements were admitted without objection and treated as substantive evidence. I conclude the remedy is a new trial based upon the erroneous admission of evidence, not acquittal based upon insufficiency of the evidence.

The trial testimony of the alleged victim indicates that she advised the District Attorney General's office several days prior to trial that her pre-trial statements were false. The alleged victim was called as the state's first witness and, consistent with her stated intention several days before trial, testified that the alleged incident did not occur. The prosecutor then covered in detail her prior inconsistent statements. Although a party may impeach that party's own witness, such impeachment testimony can be highly prejudicial and improper. State v. Roy L. Payne, C.C.A. No. 03C01-9202-CR-45, Washington County (Tenn. Crim. App. filed February 2, 1993, at Knoxville); see Tenn. R. Evid. 607.

When the alleged victim was questioned by the prosecutor about her prior inconsistent statements, there was no objection or request for an instruction that these prior statements could not be considered as substantive evidence. No limiting instruction was given. When each of the other three witnesses was asked about the

alleged victim's prior accusatory statements, there was no objection or request for limiting instructions. Again, limiting instructions were not given.

Defendant's argument to the trial court in support of his motion for judgment of acquittal was based upon witness inconsistencies and reasonable doubt, not that the hearsay statements of the alleged victim could not be considered as substantive evidence. Again, in this Court the defendant's argument is the same. At no time has the defendant argued that the hearsay statements of the alleged victim were not substantive evidence. Furthermore, defendant has not argued that the non-substantive nature of this evidence fails to corroborate defendant's confession.

When hearsay evidence is admitted without proper objections, such testimony may be properly considered and given its natural probative effect as if it were admissible. State v. Harrington, 627 S.W.2d 345, 348 (Tenn. 1981); State v. Carney, 752 S.W.2d 513, 514-15 (Tenn. Crim. App. 1988). Due to the absence of an objection and the absence of limiting instructions to the jury, the jury unquestionably considered, and was entitled to consider, these hearsay statements as substantive evidence.

The majority concedes, and I agree, that the pre-trial statements of the victim are sufficient to corroborate defendant's confession if they are considered substantive evidence. Since the jury undoubtedly considered the pre-trial statements as substantive evidence due to the absence of limiting instructions, I would find their admission plain error. I do not believe this Court is at liberty to treat the statements only as non-substantive evidence so as to require an acquittal. The erroneous admission of evidence in this case justifies a new trial, but does not mandate an acquittal. Although the state may not be able to proceed with a prosecution upon a remand, this Court should not grant an acquittal under these circumstances.

_____
**JOE G. RILEY, JUDGE**

2