IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
January 25, 2005 Session

**STATE OF TENNESSEE v. DAVID JAMES WILEY**

**Direct Appeal from the Criminal Court for Hamilton County**
**No. 234004     Douglas A. Meyer, Judge**

---

**No. E2004-01463-CCA-R3-CD - Filed May 13, 2005**

---

The appellant, David James Wiley, pled guilty in the Hamilton County Criminal Court to arson and received a probationary sentence of six years. Subsequently, the trial court revoked the appellant's probation. The appellant now appeals, contesting the trial court's evidentiary rulings during the revocation hearing and the sufficiency of the evidence supporting the revocation. Upon our review of the record and the parties' briefs, we reverse the judgment of the trial court and remand for a new hearing.

**Tenn. R. App. P. 3 Appeal as of Right ; Judgment of the Criminal Court is Reversed and Remanded.**

NORMA MCGEE OGLE, J., delivered the opinion of the court, in which GARY R. WADE, P.J., and JAMES CURWOOD WITT, JR., J., joined.

Daniel J. Ripper, Chattanooga, Tennessee, for the appellant, David James Wiley.

Paul G. Summers, Attorney General and Reporter; William G. Lamberth, II, Assistant Attorney General; William H. Cox, III, District Attorney General; and Lila Statom, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

**I.  Factual Background**

On January 4, 2001, the appellant pled guilty to arson and began serving a sentence of six years supervised probation. On December 19, 2002, a probation violation warrant was issued, alleging that the appellant had been arrested for aggravated burglary on December 14, 2002, and had failed to report the arrest. A revocation hearing was held on June 3, 2004.

At the revocation hearing, the State informed the court that the appellant's aggravated burglary charges had been dismissed; therefore, the State elected not to proceed on a probation

violation on that basis. However, the State requested leave to amend the probation violation warrant to allege that the appellant committed aggravated robbery on January 11, 2003, he used a gun during the robbery, and he used drugs the morning prior to the robbery. Over the objection of the appellant, the court granted the State leave to amend the probation violation warrant.

The State informed the trial court that the victim of the aggravated robbery

> did not appear in court today. I have contacted her. She met with Mr. Strong on one occasion when I was out, and I, I do not know why she is not here today. We did have her, at least her grandmother's house served. I spoke with her grandmother. She says she's in and out from time to time.

Thereafter, based upon the victim's unavailability, the State requested the court's permission to play a tape recording of the victim's preliminary hearing testimony. The appellant objected, arguing that the State had failed to prove that the witness was unavailable. The appellant further argued that playing the preliminary hearing testimony violated his right to confrontation.

The court found that the victim's preliminary hearing testimony was reliable hearsay and that "reliable hearsay is admissible in a probation violation." Further, the court stated that "I don't think people on probation really have any rights. . . . I know they do, but I limit them as much as I can."

The State began its presentation of proof by calling Mike Early, the detective who investigated the aggravated robbery. Detective Early stated that he spoke with the appellant regarding the charges. The appellant denied the victim's allegations. The appellant stated that he knew the victim only because he sent someone to see her in order to purchase a bag of cocaine. Detective Early informed the appellant that the victim claimed the appellant was at her house the night prior to the robbery, smoking marijuana. Thereafter, the appellant invoked his right to remain silent.

Next, the victim's preliminary hearing testimony was played for the court. In her testimony, the victim stated that she was a topless dancer and that she got off work at 3:00 a.m. on January 11, 2003. The appellant and three other men requested the victim's permission to come to her home to smoke marijuana. The victim agreed. The men came to her home, "smoked a blunt of weed," and used cocaine. She made them leave at 5:00 a.m.

Later that morning, at approximately 11:00 a.m., the appellant returned to the victim's home. The victim told the appellant that she was cooking breakfast. The victim recalled that "I went to reach to lock my door, I turn around, he put a gun to my head. He was like, 'Give me your f***ing money, bitch.'" The victim gave the appellant fifty dollars, and he left.

The victim grabbed her telephone and ran after the appellant. When she told the appellant that she was calling the police, the appellant turned and threatened to shoot her.

In response to the victim's preliminary hearing testimony, the appellant requested that he be allowed to play the preliminary hearing testimony of his wife, "[b]ut I'd like to do that not at the expense of waiving my objection." With the court's permission, the testimony of the appellant's wife was played. Therein, the appellant's wife stated that on the morning of the offense, she saw a woman running after the appellant, yelling for her money and asking who had stolen her cocaine. The appellant's wife stated that she never saw a gun.

At the conclusion of the proof, the trial court stated, "I find that [the appellant] did violate conditions of probation by his having the gun, by committing the robbery, and so I'll order his sentence into execution." On appeal, the appellant challenges the trial court's rulings.

## II. Analysis

As we noted, the appellant challenges the sufficiency of the evidence supporting the revocation of his probation. Specifically, he contends that the trial court erroneously allowed the State to present the victim's preliminary hearing testimony when it failed to establish that the victim was unavailable.

Generally, upon finding by a preponderance of the evidence that the appellant has violated the terms of his probation, a trial court is authorized to order an appellant to serve the balance of his original sentence in confinement. See Tenn. Code Ann. §§ 40-35-310 and -311(e) (2003); State v. Harkins, 811 S.W.2d 79, 82 (Tenn. 1991). Furthermore, probation revocation rests in the sound discretion of the trial court and will not be overturned by this court absent an abuse of that discretion. State v. Leach, 914 S.W.2d 104, 106 (Tenn. Crim. App. 1995). An abuse of discretion exists when "the record contains no substantial evidence to support the trial court's conclusion that a violation has occurred." State v. Conner, 919 S.W.2d 48, 50 (Tenn. Crim. App. 1995).

It is well-established that "'the full panoply of rights due a defendant' in criminal prosecutions" are not applicable to probation revocations. State v. Wade, 863 S.W.2d 406, 408 (Tenn. 1993). "However, since a probationer's conditional freedom from incarceration is at risk, he must be afforded due process in the revocation proceeding." Id. Moreover, it is without question that strict rules of evidence do not apply at a probation revocation hearing. See State v. Carney, 752 S.W.2d 513, 514 (Tenn. Crim. App. 1988). For example, "[r]eliable hearsay has been held admissible in a probation revocation hearing so long as the defendant had a fair opportunity to rebut the evidence." State v. Lewis, 917 S.W.2d 251, 257 (Tenn. Crim. App. 1995). Nevertheless, this court has concluded hearsay evidence to be admissible only when certain minimum confrontation requirements have been met, such as "(1) a specific finding by the trial court of 'good cause' that would justify the denial of the defendant's right to confront and cross-examine an adverse witness and (2) a showing that the information contained in the hearsay testimony is reliable." State v. Brandon Scott Watson, No. M2003-01814-CCA-R3-CD, 2004 WL 1562553, at *3 (Tenn. Crim. App. at Nashville, July 13, 2004), perm. to appeal denied, (Tenn. 2004); see also Wade, 863 S.W.2d at 408.

Clearly, the victim's preliminary hearing testimony was hearsay. See Tenn. R. Evid. 801(c). In limited circumstances, prior testimony may be admissible if the declarant is unavailable and if the party against whom the testimony is offered had an opportunity and a similar motive to develop the testimony. See Tenn. R. Evid. 804(b)(1). Again, we note that prior to the admission of the testimony, the trial court was required to find good cause for its admission and that the hearsay evidence was reliable.

In the instant case, the trial court explicitly found that the victim's preliminary hearing testimony was reliable. However, the trial court made no findings concerning the unavailability of the witness, nor did the court make a specific finding of good cause for the admission of the evidence. Absent these findings, the trial court should not have admitted the victim's preliminary hearing testimony. See Watson, No. M2003-01814-CCA-R3-CD, 2004 WL 1562553, at *3; State v. Joyce Newman, No. M1999-00161-CCA-R3-CD, 2000 WL 994358, at *5 (Tenn. Crim. App. at Nashville, July 12, 2000). Without this testimony, there was no evidence presented at the revocation hearing to support the revocation of the appellant's probation.

### III.  Conclusion

Accordingly, we are constrained to reverse the judgment of the trial court. We remand for a new hearing in accordance with this opinion.

_____
NORMA McGEE OGLE, JUDGE

-4-