# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT KNOXVILLE
### Assigned on Briefs January 25, 2011

## STATE OF TENNESSEE v. QUINCY MILLS

**Direct Appeal from the Criminal Court for Hamilton County**
**Nos. 269271, 270834     Rebecca J. Stern, Judge**

---

**No. E2010-00519-CCA-R3-CD-FILED-AUGUST 15, 2011**

---

The appellant, Quincy Mills, appeals the trial court's revocation of the appellant's probation for failure to comply with the terms of release. The appellant contends that the trial court violated his due process rights by failing to reduce its findings to writing and by admitting unreliable hearsay at the revocation hearing. Upon review, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court is Affirmed.**

NORMA MCGEE OGLE, J., delivered the opinion of the court, in which JOSEPH M. TIPTON, P.J., and JAMES CURWOOD WITT, JR., J., joined.

Robin Ruben Flores, Chattanooga, Tennessee, for the appellant, Quincy Mills.

Robert E. Cooper, Jr., Attorney General and Reporter; Sophia S. Lee, Assistant Attorney General; William H. Cox, District Attorney General; and Neal Pinkston and William Hall, Assistant District Attorney General, for the appellee.

## OPINION

### I.  Factual Background

On March 16, 2009, the appellant pled guilty to one count of reckless aggravated assault, a Class D felony, and two counts of misdemeanor assault. He was sentenced to a total effective sentence of four years, which was to be served on intensive probation. On August 25, 2009, a warrant was issued, alleging that the appellant violated the terms of probation by incurring new charges, testing positive for marijuana, violating curfew, and leaving the state without permission.

Subsequently, on February 8, 2010, the trial court held a probation revocation hearing. At the hearing, Bill Day, the appellant's probation officer, testified that the appellant reported as directed but committed several infractions while on probation. Specifically, Day stated that he conducted an in-office drug screen on the appellant on August 5, 2009, and the appellant tested positive for marijuana. Thereafter, the appellant signed a statement acknowledging that he smoked marijuana on August 4, 2009.

Additionally, Day stated that the appellant traveled to Georgia without Day's permission. As proof of this assertion, Day said that he had spoken with a Georgia law enforcement officer who informed Day that the appellant had been charged with violating the Georgia Controlled Substance Act. Day stated that he attached the arrest warrant for the charges to his probation violation report. Regarding the curfew violation, Day said that at 6:20 p.m. on April 29, 2009, the appellant was cited by the Chattanooga Police Department with violating the "seatbelt law" and the "financial responsibility law." Day said he attached a copy of the citation to the probation violation report. Day said that the appellant's curfew was from 6:00 p.m. to 6:00 a.m.

Day stated that the appellant owed fifteen dollars for probation fees and that he had made only one twenty-dollar payment towards his court costs of $10,479. Further, the appellant failed to provide proof of lawful employment. Day acknowledged, however, that the appellant made some attempts to find employment. Day said that the appellant had an assault case pending when he pled guilty to the instant offenses.

Lelion Luzana Siskey testified that he and the appellant were incarcerated in the Hamilton County Jail and that the appellant assaulted him while Siskey was helping serve food in the appellant's dorm. Siskey stated that the appellant, without provocation, approached him from behind and hit him twice in the head, knocking out his teeth. Siskey said he was taken to Erlanger Hospital for treatment of his injuries.

Based upon the foregoing, the trial court found that the appellant had violated the terms of his probation by testing positive for marijuana, traveling to Georgia without permission, violating curfew, being convicted of a seatbelt law violation, and assaulting Siskey. On appeal, the appellant challenges the revocation. He contends that the trial court violated his due process rights by failing to reduce its findings regarding the revocation to writing. The appellant also complains that the trial court erred by allowing hearsay evidence, by allowing Day to testify regarding the drug test results even though Day was not qualified as an expert, and by hearing evidence regarding the assault although the appellant was not put on notice that the assault would be used in the revocation proceeding. Additionally, the appellant contends that the appellant's uncorroborated admission to drug use was "not enough to support a violation."

## II. Analysis

Upon finding by a preponderance of the evidence that the appellant has violated the terms of his probation, a trial court is authorized to order an appellant to serve the balance of his original sentence in confinement. See Tenn. Code Ann. §§ 40-35-310 and -311(e); State v. Harkins, 811 S.W.2d 79, 82 (Tenn. 1991). Furthermore, probation revocation rests in the sound discretion of the trial court and will not be overturned by this court absent an abuse of that discretion. State v. Leach, 914 S.W.2d 104, 106 (Tenn. Crim. App. 1995). An abuse of discretion exists when "the record contains no substantial evidence to support the trial court's conclusion that a violation has occurred." State v. Conner, 919 S.W.2d 48, 50 (Tenn. Crim. App. 1995).

First, we note that the appellant complains that the trial court erred by failing to reduce to writing the evidence relied upon and the reasons for revoking the appellant's probation. The appellant contends that "[i]n order to comply with the Due Process requirements, the trial court was required to reduce to writing the evidence it relied upon and the reasons for the revocation." He further contends that the transcript of the revocation hearing "is not a written order." This court has previously noted that due process requires a trial court to make a "written statement" concerning a probation revocation. State v. Leiderman, 86 S.W.3d 584, 590-91 (Tenn. Crim. App. 2002). In the instant case, the trial court did not make a written statement. However, the transcript of the revocation hearing reflects the specific findings that the trial court made regarding the reasons for the violation. This court has noted "where, as here, the transcript demonstrates the trial court provided adequate findings at the conclusion of the probation revocation hearing showing both the grounds for the revocation and reasons for the court's findings, the due process requirement of a 'written statement' is satisfied." Id. at 591; see also State v. Shawn Mitchell, No. M2008-00913-CCA-R3-CD, 2009 WL 3031183, at *8 (Tenn. Crim. App. at Nashville, Sept. 24, 2009) (stating that the written statement requirement "is satisfied by transcribed oral findings which create a sufficient record to notify the [appellant] of the reasons for the revocation and allow appellate review of the trial court's decision"). This issue is without merit.

Next, the appellant argues that the evidence regarding the appellant's being in Georgia and violating his curfew was hearsay. Specifically, the appellant complains that Day learned of the appellant's new charges from a Georgia officer and that the copies of the documents concerning the Georgia and Chattanooga charges were not certified. This court has previously stated that strict rules of evidence do not apply in a probation revocation hearing. Barker v. State, 483 S.W.2d 586, 589 (Tenn. Crim. App. 1972). Moreover, Tennessee Code Annotated section 40-35-209(b) provides that in a sentencing hearing, reliable hearsay is admissible as long as a defendant "is accorded a fair opportunity to rebut any hearsay evidence so admitted." See also State v. Carney, 752 S.W.2d 513, 514 (Tenn. Crim. App.

1988) (applying Tennessee Code Annotated section 40-35-209(b) to a probation revocation hearing). The trial court found that Day's testimony regarding the appellant's traveling to Georgia without permission and violating curfew was based upon reliable hearsay. We agree.

The appellant also challenges the admission of the results of the appellant's positive drug test and the appellant's admission to smoking marijuana. Day testified that the appellant "tested positive for marijuana on a urine drug screen that [Day] performed at the probation office." Day also stated that the appellant "signed an admission statement . . . advising he smoked marijuana on August 4, 2009." The appellant did not challenge this evidence at the hearing. However, on appeal the appellant claims that the court committed plain error in admitting the testimony about the test results because there was no testimony about Day's expertise in conducting drug tests. The appellant also argues that it was plain error for the trial court to consider the appellant's admission of marijuana use because there was no "outside evidence to establish the *corpus delicti*."

Tennessee Rule of Appellate Procedure 36(b) provides that "[w]hen necessary to do substantial justice, [this] court may consider an error that has affected the substantial rights of a party at any time, even though the error was not raised in the motion for a new trial or assigned as error on appeal." See also Tenn. R. Evid. 103(d). We may only consider an issue as plain error when all five of the following factors are met:

> a) the record must clearly establish what occurred in the trial court; b) a clear and unequivocal rule of law must have been breached; c) a substantial right of the accused must have been adversely affected; d) the accused did not waive the issue for tactical reasons; and e) consideration of the error is "necessary to do substantial justice."

State v. Adkisson, 899 S.W.2d 626, 641-42 (Tenn. Crim. App. 1994) (footnotes omitted); see also State v. Smith, 24 S.W.3d 274, 283 (Tenn. 2000) (adopting the Adkisson test for determining plain error). Furthermore, the "plain error must be of such a great magnitude that it probably changed the outcome of the trial." Adkisson, 899 S.W.2d at 642 (internal quotations omitted).

There is nothing in the record to suggest the trial court erred in admitting the appellant's drug test results. Moreover, regarding the appellant's claim that his admission alone was "not enough to support a violation," we note that this court has previously concluded that an uncorroborated admission of drug use is sufficient to sustain a revocation of probation. See State v. James Cravens, No. M2002-01216-CCA-R3-CD, 2003 WL

22282174, at *2 (Tenn. Crim. App. at Nashville, Oct. 2, 2003). Therefore, the appellant is not entitled to relief on this basis.

The appellant argues that he was not put on notice that the State sought to revoke his probation based upon his assault of Siskey and that the lack of notice violated his due process rights. The appellant did not complain about the lack of notice at the hearing, but he argues that it was plain error. However, as the State observed, the assault was noted in the probation violation report under the section entitled "History of Supervision." Regardless, there were many bases on which the trial court revoked the appellant's probation. Accordingly, any error does not rise to the level of plain error.

### III.  Conclusion

Therefore, we conclude that the trial court did not err in revoking the appellant's probation. The judgment of the trial court is affirmed.

_____
NORMA McGEE OGLE, JUDGE