IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs April 21, 2026

**STATE OF TENNESSEE v. ANTHONY COOKE**

**Appeal from the Criminal Court for Roane County**
**No. 2023-CR-383    Jeffery Hill Wicks, Judge**

_____

**No. E2025-01366-CCA-R3-CD**

_____

Defendant, Anthony Cooke, appeals from the trial court's revocation of his probation and order to serve the remainder of his seven-year sentence in confinement. Defendant argues the trial court improperly admitted certified copies of arrest warrants as exhibits to the revocation hearing and that the evidence was insufficient to support the revocation. After review, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

TIMOTHY L. EASTER, J., delivered the opinion of the court, in which ROBERT W. WEDEMEYER, P.J., and JILL BARTEE AYERS, J., joined.

Matt Courteau, Kingston, Tennessee, for the appellant, Anthony Cooke.

Jonathan Skrmetti, Attorney General and Reporter; Park Huff, Assistant Attorney General; Russell Johnson, District Attorney General; and Jonathan Edwards, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

In October 2024, Defendant pleaded guilty to violating the financial responsibility law, aggravated assault, and theft of property valued at more than $1,000 but less than $2,500 in exchange for a sentence of seven years to be suspended to probation. Four months later, in February 2025, a probation violation report was filed, alleging that Defendant was arrested on two new charges of domestic assault and aggravated domestic assault on two separate dates in December 2024. In April 2025, a second probation violation report was filed, alleging that Defendant had new arrests for forgery and driving on a suspended or revoked license in March 2025; that Defendant had failed to report his

multiple new arrests; that Defendant had failed to provide evidence of lawful employment; and that Defendant had engaged in assaultive and abusive behavior. In May 2025, a third violation of probation report was filed, alleging that Defendant was arrested on April 29, 2025, in Knox County for aggravated kidnapping and aggravated assault.

A hearing was held on all three probation violation warrants. At the revocation hearing, the State introduced certified copies of four arrest warrants: one issued on December 26, 2024, in Anderson County for aggravated domestic assault; two issued on March 24, 2025, in Anderson County for forgery and driving on a suspended license; and one issued on April 29, 2025, in Knox County for aggravated kidnapping. Defense counsel objected to the admission of the arrest warrants on hearsay grounds, arguing that the proper way to introduce them was through a testifying witness. The court overruled Defendant's objection, ruling that the certified copies were self-authenticating pursuant to Rule 901 of the Tennessee Rules of Evidence.

Defendant then testified on his own behalf. Defendant asked for "transitional help [as a result of] not being in society for a long time. . . ." Defendant testified, "I haven't even been out of prison in society eight months in the past 13 years." Defendant said he applied to a halfway house program that would assist in his finding employment and "[h]elp [him] get legit." Defendant admitted he drove on a suspended license but explained, "probation [wa]s pressure on [him], having to report." He also admitted to having "fake money[,]" but said he did not "rob[] or steal[] or nothing like that out there[.]"

Defendant admitted to his "wrongs" and testified he was in "a toxic relationship" with the victim of his aggravated kidnapping charge. Defendant pleaded guilty to the lesser offense of false imprisonment in that case. Defendant explained that he and the victim "got into an argument" but that he "never put [his] hands on her." Defendant said the victim and her friend made statements that "didn't add up." He said the police report said he was "in Knox County and Oak Ridge at the same time . . . I can't be in Knox County and Oak Ridge at the same time." Defendant said about the victim, it was "all her fault" that he was in court for probation violation proceedings and that she had "put [him] through hell."

Defendant testified that he had reported twice to his probation officer. He said he was "basically homeless" but that he was "living at Oak Ridge with [his] dad." Defendant said, "coming back and forth from Roane County to Anderson County with no car is hard and having nobody." Defendant expressed his desire to enroll in a transitional program at a halfway house.

On cross-examination, Defendant also admitted to pleading guilty to other charges while on probation, including domestic assault against his daughter and his daughter's mother, forgery, and driving on a suspended license. Defendant acknowledged that it was

his obligation to report new arrests and admitted that he did not report any of the arrests to his probation officer, explaining, "I figured they already knew." Defendant admitted that he had not yet completed anger management classes or submitted to a drug and alcohol assessment or mental health evaluation as previously ordered by the court.

At the conclusion of the hearing, the trial court found that Defendant had not complied with multiple conditions of his probation. The court noted that Defendant said he desired transitional assistance, but Defendant had not availed himself of any of the "services available to [him]" through probation, including anger management or drug and alcohol and mental health assessments. The court found that Defendant had not maintained employment, that he had violated a prior no contact order with his girlfriend, and that he had new convictions. The trial court concluded that Defendant was "just not a good candidate for probation" and elaborated,

> Probation's there to help you to get what you wanted, get what you needed, to get a job, to get back into society, to help with your anger issues, any type of mental health issues or drug issues you had. But you didn't avail yourself to any of those. You could have, but you didn't. And you want to come in here today and somehow blame the victim on this, [], she's the root cause of all your problems. No, you are.

The trial court revoked Defendant's probation and ordered him to serve the balance of his sentence incarcerated. Defendant appeals.

### *Analysis*

Defendant asserts that the evidence was insufficient for the trial court to find that he violated probation. He argues that the State's proof consisted entirely of the improperly admitted arrest warrants and that without this evidence, "it is likely [Defendant] would not have been found in violation of his probation." The State counters that the trial court acted within its discretion in considering the arrest warrants and in revoking Defendant's probation and imposing a sentence of confinement. We agree with the State.

Probation revocation is a "two-step" process by the trial court. *State v. Dagnan*, 641 S.W.3d 751, 757 (Tenn. 2022). First, the trial court must determine whether the defendant violated a condition of probation; second, upon finding a violation, the court must determine the appropriate consequence to impose. *Id*. at 753. If the trial court places sufficient findings and the reasons for its decisions as to the revocation and the consequences on the record, this Court will not overturn its decision to revoke a defendant's probation absent an abuse of discretion. *See State v. Shaffer*, 45 S.W.3d 553, 554 (Tenn. 2001). For an appellate court to be warranted in finding that a trial judge abused his or her

discretion by revoking probation, "there must be no substantial evidence to support the conclusion of the trial court that a violation of the conditions of probation has occurred." *Id*.

A trial court may revoke a defendant's probation upon a finding by a preponderance of the evidence that a defendant has violated the conditions of probation. T.C.A. §§ 40-35-310(a), -311(e)(1). Upon finding that a defendant has violated probation, the trial court may: (1) order incarceration for some period of time; (2) cause execution of the sentence as it was originally entered; (3) extend the defendant's probationary period not exceeding one year; (4) return the defendant to probation on appropriate modified conditions; or (5) resentence the defendant for the remainder of the unexpired term to a sentence of probation. T.C.A. §§ 40-35-308(c)(1), (2); -310; - 311(e)(1), (2).

When determining the consequences for a probation violation, "a trial court may consider 'the number of revocations, the seriousness of the violation, the defendant's criminal history, and the defendant's character.'" *State v. Williams*, 673 S.W.3d 255, 260 (Tenn. Crim. App. 2023) (quoting *Dagnan*, 641 S.W. 3d at 759, n.5).

In his brief, Defendant suggests this Court apply three different standards of review. First, Defendant cites *Jackson v. Virginia*, 443 U.S. 307, 319 (1979) and Tennessee Rule of Appellate Procedure 13(e), which apply when a defendant challenges the sufficiency of the evidence supporting a criminal conviction, not in reviewing a probation revocation. Defendant then articulates the abuse of discretion standard of review, the correct standard to apply in this case. Finally, Defendant asserts that we review the trial court's factual findings "using the preponderance of the evidence standard contained in Tenn[essee] R[ule of] App[elate] P[rocedure] 13(d)" and review the court's "legal determinations de novo without any presumption of correctness." This is also incorrect.

Without acknowledging the proof presented at the hearing of his multiple violations and without addressing the considerations of the trial court in fully revoking his probation, Defendant argues only that the court's decision was "unreasonable" because "[n]othing in the record indicates [Defendant] was not sincere" in his testimony that he had "difficulty proper[l]y reintegrating into society after his release from a prior prison sentence."

We conclude that the record supports the trial court's decision to revoke Defendant's probation and order his original sentence into effect. Defendant admitted that he pleaded guilty to domestic assault, theft, driving on a revoked or suspended license, false imprisonment, and aggravated assault. He likewise admitted that he did not report his new charges to his probation officer, report as directed to his probation officer, or complete anger management as ordered. Proof of any of these would be sufficient to find that Defendant violated his probation.

- 4 -

In determining the consequence to impose, the court considered Defendant's failure to avail himself of opportunities for assistance and concluded that Defendant was not a good candidate for continued probation. The court also found that Defendant failed to take responsibility by blaming his wrongdoing on a toxic relationship.

Regarding Defendant's bare assertion that the trial court improperly admitted the arrest warrants at the revocation hearing because they were not introduced through a "proper witness" and contained hearsay, the issue is waived for failure to adequately brief the issue. Tennessee Rule of Appellate Procedure 27(a)(7) requires that the appellant set forth an argument for each issue, along with "the reasons therefor, including the reasons why the contentions require appellate relief, with citations to the authorities and appropriate references to the record (which may be quoted verbatim) relied on[.]" Tenn. R. App. P. 27(a)(7). Similarly, Rule 10(b) of the Rules of this Court states plainly that "[i]ssues which are not supported by argument, citation to authorities, or appropriate references to the record will be treated as waived in this [C]ourt." Tenn. Ct. Crim. App. R. 10(b).

Waiver notwithstanding, the trial court properly found that the arrest warrants were self-authenticating under Tennessee Rule of Evidence 902, which provides that extrinsic evidence of authenticity is not required for certified copies of public records. Tenn. R. Evid. 902(4). Moreover, "'strict rules of evidence do not apply at revocation hearings.'" *State v. Otten*, 721 S.W.3d 14, 19 (Tenn. Crim. App. 2025) (quoting *State v. Lewis*, 917 S.W.2d 251, 257 (Tenn. Crim. App. 1995). Reliable hearsay is admissible so long as the defendant had a fair opportunity to rebut the evidence and the evidence otherwise was not introduced in violation of constitutional notions of due process. *See* T.C.A. § 40-35-209(b); *see also State v. Carney*, 752 S.W.2d 513 (Tenn. Crim. App. 1988). Further, the trial court did not rely on the statements contained in the arrest warrants in finding that Defendant violated the conditions of his probation. Rather, the court relied on Defendant's admissions and his guilty pleas to multiple offenses while on probation.

The trial court did not abuse its discretion by revoking Defendant's probation and ordering the original sentence into effect.

CONCLUSION

Based on our review, we affirm the judgment of the trial court.

*S/Timothy L. Easter*
TIMOTHY L. EASTER, JUDGE

- 5 -