IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs September 27, 2005

## JOE DAVIS MARTIN, JR. v. HOWARD CARLTON, WARDEN

**Appeal from the Criminal Court for Johnson County**
**No. 4547    Robert E. Cupp, Judge**

---

**No. E2005-00439-CCA-R3-HC - Filed October 10, 2005**

---

The petitioner, Joe Davis Martin, Jr., appeals from the trial court's denial of his pro se petition for habeas corpus relief. In that petition, the petitioner sought a writ of habeas corpus to release him from his sentences for attempted first degree murder, first degree murder, and attempted second degree murder based on what he alleged was the trial court's improper interpretation and application of Tennessee Code Annotated section 40-35-115(a). We are persuaded that the trial court was correct in summarily dismissing the habeas corpus petition and that this case meets the criteria for affirmance pursuant to Rule 20, Rules of the Court of Criminal Appeals. Accordingly, the judgment of the trial court is affirmed.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Trial Court Affirmed Pursuant to Rule 20, Rules of the Court of Criminal Appeals**

JERRY L. SMITH, J., delivered the opinion of the court, in which JOSEPH M. TIPTON, and ALAN E. GLENN, JJ., joined.

Joe Davis Martin, Jr., Pro Se, Mountain City, Tennessee.

Paul G. Summers, Attorney General and Reporter; Brent C. Cherry, Assistant Attorney General; and Joe Crumley, District Attorney General, for the appellee, State of Tennessee.

**MEMORANDUM OPINION**

As a result of a drive-by shooting on December 17, 1995, the petitioner was convicted by a jury of the premeditated first degree murder of Jermiyer Warfield, the attempted first degree murder of Kevin Robinson, and the attempted second degree murder of Timothy Miller. The trial court imposed a twenty-year sentence for attempted first degree murder and a ten-year sentence for attempted second degree murder. These sentences were ordered to be served concurrently to each other, but consecutively to Joe Davis Martin's life sentence for first degree murder. This Court

affirmed the petitioner's convictions on direct appeal. See State v. Ladonte Montez Smith, et al, No. M1997-00087-CCA-R3-CD, 1999 WL 1210813 (Tenn. Crim. App., at Nashville, Dec. 17, 1999), perm. app. denied, (Tenn. Oct. 9, 2000).

Subsequently, the petitioner filed a pro se petition for writ of habeas corpus relief alleging that his sentences were void because the trial court ordered his sentences for attempted murder to be served concurrently to each other and at the same time consecutively to his sentence for first degree murder. The petitioner argued that according to Tennessee Code Annotated section 40-35-115(a), the trial court could either order consecutive or concurrent sentences, but not both. The trial court denied the petition for writ of habeas corpus and the petitioner filed a timely notice of appeal.

Analysis

On appeal, the petitioner contends that the trial court's actions of imposing "both consecutive and concurrent sentences for a single judgment . . . is in direct contravention of Tenn. Code Anno. [sic] 40-35-115(a)" and that, as a result of the trial court's actions, his sentences are illegal and void. The State disagrees.

A writ of habeas corpus is available only when it appears on the face of the judgment or the record that the convicting court was without jurisdiction to convict or sentence the defendant or that the defendant is still imprisoned despite the expiration of his sentence. Archer v. State, 851 S.W.2d 157, 164 (Tenn. 1993); Potts v. State, 833 S.W.2d 60, 62 (Tenn. 1992). However, if after a review of the habeas petitioner's filings the trial court determines that the petitioner would not be entitled to relief, then the petition may be summarily dismissed. Tenn. Code Ann. § 29-21-109; State ex rel. Byrd v. Bomar, 381 S.W.2d 280 (Tenn. 1964). Further, a trial court may summarily dismiss a petition for writ of habeas corpus without the appointment of a lawyer and without an evidentiary hearing if there is nothing on the face of the judgment to indicate that the convictions addressed therein are void. Passarella v. State, 891 S.W.2d 619, 627 (Tenn. Crim. App. 1994), superceded by statute as stated in State v. Steven S. Newman, No. 02C01-9707-CC-00266, 1998 WL 104492, at *1 n.2 (Tenn. Crim. App. at Jackson, Mar. 11, 1998).

A petitioner has the burden of establishing by a preponderance of the evidence that the judgment he attacks is void or that his term of imprisonment has expired. State ex rel. Kuntz v. Bomar, 381 S.W.2d 290, 291 (Tenn. 1964). If the petitioner fails to establish that his conviction is void or his term of imprisonment has expired, he is not entitled to immediate release. Passarella, 891 S.W.2d at 627-28.

The petitioner argues that the trial court was statutorily prohibited from imposing both consecutive and concurrent sentences for his convictions. However, the petitioner fails to offer any precedent for his position or cite to any case law which suggests that a sentence for one offense may not be ordered to be served concurrently with the sentence of another offense and consecutively to a third offense.

The plain language of Tennessee Code Annotated section 40-35-115(a) states that, "[i]f a defendant is convicted of more than one (1) criminal offense, the court shall order sentences to run consecutively or concurrently." While trial courts are prohibited from splitting sentences and ordering the separate portions to be served in different manners, trial courts are allowed to order a single sentence to run consecutively or concurrently to another sentence. See e.g., State v. Meade, 942 S.W.2d 561 (Tenn. Crim. App. 1996) (determining that trial court's action of dividing a single sentence into separate portions for consecutive and concurrent sentencing was improper); State v. Connors, 924 S.W.2d 362 (Tenn. Crim. App. 1996) (holding that trial court was prohibited from "ordering different portions of the same sentence to run in different manners"). The language of Tennessee Code Annotated section 40-35-115(a) is simple and clear and authorizes the trial court to order each sentence to run either consecutively or concurrently to every other sentence. The petitioner's interpretation of the statute is simply erroneous. Because nothing on the face of the petitioner's judgments suggest that they are void or defective, the petitioner is not entitled to habeas corpus relief.

Rule 20, Rules of the Court of Criminal Appeals, provides inter alia:

> The Court, with the concurrence of all judges participating in the case, when an opinion would have no precedential value, may affirm the judgment or action of the trial court by memorandum opinion rather than by formal opinion, when:
>
> (1)(a)The judgment is rendered or the action taken in a proceeding before the trial judge without a jury, and such judgment or action is not a determination of guilt, and the evidence does not preponderate against the finding of the trial judge.

We determine that this case meets the criteria of the above-quoted rule and, therefore, we affirm the judgment of the trial court.

 

_____
JERRY L. SMITH, JUDGE